38701. S. H. KRESS & COMPANY v. FLANIGAN.

Decided March 9, 1961.

*W. Neal Baird, Hurt, Gaines, Baird, Peek & Peabody, Joe C. Freeman, Jr.,* for plaintiff in error.

*William C. Rimmer, Jr., Woodrow Tucker,* contra.

NICHOLS, Judge. 1. In support of its first contention, that the petition fails to allege actionable negligence, the defendant cites *Jones v. West End Theatre Co.,* 94 Ga. App. 299, 303 (94 S. E. 2d 135), where it was held that an allegation that a defective condition had existed for a period of ten minutes was insufficient to authorize a recovery where only implied knowledge of such defect was alleged. In that case it was alleged that the defective condition had existed for "ten or fifteen minutes" and, while in the present case there is no allegation as to the length of time (in minutes, hours or days), that the condition existed, the plaintiff's case is based on the opportunity that the defendant had to discover and rectify such defect.

Where the action of an invitee is based on an alleged defect which would be actionable if created by the defendant and a constructive or implied knowledge only is alleged, the question presented, on demurrer, is whether the facts alleged, if proved, would authorize a jury to determine that the defendant was negligent in not discovering such defect. If the allegations show that the defendant had the opportunity to discover the defect a jury question is presented. See *Henderson v. Nolting First Mortgage Corp.,* 184 Ga. 724, 735 (193 S. E. 347, 114 A. L. R. 1022), and citations.

The petition as finally amended alleged, with reference to the defendant's opportunity to have discovered such defective condition, that: "The right portion of the lower steps from the aforesaid landing to the basement or bottom floor was covered with some white slippery substance, a part of which the plaintiff had slipped in when she had stepped on the aforesaid step and slipped. That this substance had been tracked throughout the remaining portion and parts of the basement floor and some of the white slippery substance had been tracked by someone on the left bottom portion of the left side of the stairs for approximately four or five steps from the basement towards the ground floor but had not been brought up to or beyond the aforesaid landing. The left side of which was just described means to the left side of the aforesaid stairway from a person descending the steps or would have been to the right side of a person ascending the aforesaid steps, but this had worn off before the tracks reached the landing on the upper portion of the the aforesaid steps. Plaintiff shows that defendant could have by the exercise of ordinary care known of this slippery substance because approximately six feet directly in front of the bottom portion of this stairway and within easy sight of the stairway was a servant, agent, or employee of the defendant at the time plaintiff fell. The plaintiff further shows that to the left of the aforesaid stairway and in full view of this stairway, another servant, agent, or employee who was working at a counter could have easily detected this aforesaid white substance in which the plaintiff slipped which had been tracked throughout the remaining portion of the store. Plaintiff shows that there was also a floorwalker, or manager, that from most any part could have seen the condition of the bottom portion of the staircase as aforesaid and also could have easily detected that people also tracked such substances throughout the store and this white substance appeared in several places about the defendant's store. Plaintiff shows that the defendant knew or by the use of ordinary care should have known of the white slippery substance that cause the aforesaid dangerous condition because its aforesaid servant, agent or employee had for a time prior to the time that the plaintiff slipped and fell been on duty in the

proximity of the stairway upon which the plaintiff fell, and the aforesaid white substance had been tracked out into the basement portion of the store by persons who had descended the same stairway prior to the plaintiff's fall. Plaintiff alleges that the said matter had remained on the aforesaid landing for such a length of time to give the defendant corporation reasonable notice of the dangerous condition of its stairway, prior to plaintiff's fall, because Christmas shopping patrons of the defendant corporation had tracked the substance from the steps upon which the plaintiff fell throughout the remaining portion of the basement floor and some of it had actually been tracked back up and onto the bottom steps on the left-hand side of the aforesaid stairway upon which the plaintiff fell."

Under these allegations it cannot be said as a matter of law that the defendant did not have an opportuntiy to discover and either warn the plaintiff, or correct the alleged defect.

2. The sole remaining contention of the defendant is that under the allegations of the petition the plaintiff was not exercising ordinary care for her own safety. This contention is based on the ruling of this court in *White v. City of Manchester*, 92 Ga. App. 642 (89 S. E. 2d 581), which held that a plaintiff who was injured when she fell down a concrete stairway was precluded from a recovery where she failed to see a crack in the first step which was large enough to catch the heel of a woman's shoe. It was further held in that case that there were no sufficient allegations to explain and excuse the plaintiff from not seeing the obvious defect.

In the present case the plaintiff alleged that the stairway consisted of two flights of stairs constructed at a right angle with a landing where the two flights of steps met, that going down the stairs a marble wall was located on the right which prohibited the plaintiff from seeing the second flight of stairs until she turned the corner, that at the place (on the right-hand side of the stairs), where the plaintiff was descending the stairs the landing was actually just one more step in the flights of stairs, that as she turned the corner, and stepped on the first step of the second flight of stairs her foot struck a white slippery substance that caused her to fall the remainder of the way down the stairs.

Under these allegations it cannot be said that the plaintiff was, as a matter of law, failing to exercise ordinary care for her own safety. See *American Legion, Dept. of Georgia v. Simonton,* 94 Ga. App. 184 (94 S. E. 2d 66).

The plaintiff's petition alleged a cause of action against the defendant for the negligence of the defendant in connection with the foreign substance alleged to have been on the steps, and the trial court did not err in overruling the defendant's general demurrers to the petition as amended.

*Judgment affirmed. Felton, C. J., and Bell, J., concur.*