### 40077. BELK-GALLANT COMPANY OF LAGRANGE v. CORDELL.

DECIDED MAY 16, 1963.

*Hatcher, Stubbs, Land & Rothschild, A. J. Land,* for plaintiff in error.

*Richter & Birdsong, A. W. Birdsong, Jr.,* contra.

HALL, Judge. The defendant, as plaintiff in error in this court, assigns error on the overruling of general and special demurrers to the plaintiff's petition, which alleged that because of the defendant's negligence the plaintiff's wife fell and was injured in the annex of the defendant's store when her foot slipped on a slippery substance on the floor.

The defendant relies on *Home Fed. Savings &c. Assn. v. Hulsey,* 104 Ga. App. 123 (121 SE2d 311), and other cases holding that, when the defendant's liability is based on constructive knowledge of a dangerous condition, the petition must allege facts and circumstances sufficient to make it a question of fact whether the alleged dangerous condition had existed for a sufficient length of time so that knowledge of it would be imputed to the defendant. The plaintiff relies on *S. H. Kress & Co. v. Flanigan,* 103 Ga. App. 301 (119 SE2d 32), as supporting his petition. This case held that, even in the absence of allegations of the specific length of time a dangerous condition has existed, a cause of action is stated when the petition shows that the defendant had the opportunity to discover and rectify the defect.

The present petition alleges that the plaintiff's wife fell two or three feet beyond some steps she had descended, when her foot "slipped upon a dark, murky, slippery substance which had been tracked in and deposited on said floor." The substance was not perceptible to the plaintiff's wife except by very close inspection, due to the lighting and shadows and the substance being of the same general coloring as the dark brown tile floor covering. Defendant's remodeling workers had tracked dirt, water, and other slippery substances onto the floor all during the day. Defendant's employees were working within five or six feet and directly in front of the stairway both to the left and to the right. These employees knew or should have known by the exercise of ordinary care that persons were tracking the dark, murky, slippery substance into the annex. The defendant's employees knew

that it had been raining from 9 a.m., when the store opened, until 1:15 p.m., when the plaintiff's wife fell, and that many customers and workers were tracking in debris upon the floor "and that said substance that was deposited on the floor by said workers and customers would create a dangerous condition;" but notwithstanding this knowledge of its employees nothing was done by the defendant to rectify the matter; but the dark, murky, slippery substance was allowed to remain on the floor by the employees from 9 a.m. to 1:15 p.m. The defendant knew or should have known of the dark, slippery substance because its employees had been on duty in the proximity of the floor on which the plaintiff's wife fell for a time prior to her fall. These allegations in effect contend that the defendant's employees knew of the alleged dangerous condition, and that the employees in the exercise of ordinary care should have known it existed, and that the employees allowed "the dark, murky, slippery substance" on which the plaintiff's wife slipped to remain on the floor from 9 a.m. to 1:15 p.m.

When considering demurrers, pleadings are construed as a whole and given their natural intendment, and the final test of the sufficiency of a petition is whether the defendant can admit all that is alleged and escape liability. *Shaprio v. Steinberg,* 175 Ga. 869, 873 (166 SE 767); *Liberty Lumber Co. v. Silas,* 181 Ga. 774, 775 (184 SE 286); *Frazier v. Southern R. Co.,* 200 Ga. 590, 597 (37 SE2d 774); *Atlanta Gas Light Co. v. Davis,* 80 Ga. App. 377, 380 (56 SE2d 140); *Southern Bonded Warehouse Co. v. Roadway Exp., Inc.,* 104 Ga. App. 458 (122 SE2d 147). In an action where the defendant's liability depends upon whether a dangerous condition on his premises has been present long enough to give the defendant a reasonable opportunity to discover and rectify it or give warning of the danger, an injured invitee obviously is in a difficult position to learn and plead the facts relating to the defendant's knowledge or opportunity to discover the danger before the injury. It is practically impossible for him to plead his case with the pernicketiness of seventeenth century pleading. The rules of discovery may aid in ascertaining facts before trial if the plaintiff can afford the expense, but the plaintiff should not be required to plead evidence

that may be impossible for him to obtain before bringing suit.

The basis of the proprietor's liability is his superior knowledge, or his superior opportunity to discover a dangerous condition, as compared with the opportunity of his invitee. *Rogers v. Atlanta Enterprises, Inc.,* 89 Ga. App. 903, 906 (81 SE2d 721); Anno. 61 ALR 2d 110, 124; 81 ALR 2d 750, 776. The present petition meets the test of showing the defendant's superior knowledge and opportunity to discover and rectify the danger.

The petition construed as a whole states a cause of action under the authorities cited above, including those relied on by the defendant as well as those relied on by the plaintiff. This is true even if we construe the petition to allege no more than constructive knowledge of the defendant, as was held in *Setzers Super Stores v. Higgins,* 104 Ga. App. 116, 118, 122 (121 SE2d 305), of a petition that stated the defendant knew of the presence of a dangerous condition *"and . . .* would have known of its presence by the use of ordinary care and diligence." (Emphasis supplied).

The trial court did not err in overruling the defendant's general and special demurrers.

*Judgment affirmed. Carlisle, P. J., and Bell, J., concur.*