### 40609. WARD v. VETERANS OF FOREIGN WARS, POST 2588.

PANNELL, Judge. 1. The owner or occupier of premises owes the duty to invitees to exercise ordinary care in keeping premises safe for their use. *Code* § 105-401. Such owner or occupier of land is liable for failure to warn his invitees of danger or defects in such premises or instrumentalities, of which he knew or of which it was his duty to know in the exercise of ordinary care. *Tybee Amusement Co. v. Odum,* 51 Ga. App. 1 (1a) (179 SE 415).

2. The allegation in paragraph 10 of the petition alleging that "the defendant, acting by and through its agents, servants and employees . . . had permitted liquid to be spilled and remain on the floor," is not sufficient in our opinion to allege actual knowledge, particularly when construed with the allegation of paragraph 13 which alleges that "the defendant knew, or by the exercise of ordinary care and diligence . . . should have known . . . that the existence of liquid on said floor rendered the same extremely dangerous to walk upon," and in view of the amendment to the petition adding a paragraph 13A and alleging that "the defendant knew or should have known, by and through its employees, with the exercise of due diligence and care for the safety of its guests, of the existence of said liquid on said floor." *Setzers Super Stores v. Higgins,* 104 Ga. App. 116, 118 (121 SE2d 305). Cf. *Citizens &c. Bank v. Union Warehouse*

&c. Co., 157 Ga. 434, 437 (8) (122 SE 327). The allegations of the petition as a whole, when construed against the pleader, allege constructive knowledge only. See *Baggett v. Edwards,* 126 Ga. 463 (1) (55 SE 250), in which the court stated: "Where pleadings do not make distinct and positive allegations, but are ambiguous or couched in alternative expressions, on demurrer they will be given that construction which is most unfavorable to the pleader."

3. The allegations in the petition do not set out facts from which an inference of constructive knowledge can be drawn from the length of time the liquid was permitted to remain on the floor, for no time is set out. Nor are any other facts alleged that are sufficient to show that the defendant had any knowledge, constructive or otherwise, that the liquid was on the floor. See, in this connection, *Cook v. Kroger Baking &c. Co.,* 65 Ga. App. 141, 143 (15 SE2d 531). In order to set forth a cause of action based upon constructive notice or knowledge, the petition must allege facts or circumstances sufficient to make it a question of fact as to whether the alleged dangerous condition had existed for a sufficient length of time so that knowledge would be imputed to the defendant. See *Setzers Super Stores v. Higgins,* 104 Ga. App. 116, supra; *Cook v. Kroger Baking &c. Co.,* 65 Ga. App. 141, supra; *Jones v. West End Theatre Co.,* 94 Ga. App. 299 (94 SE2d 135).

4. The case of *Belk-Gallant Co. v. Cordell,* 107 Ga. App. 785 (131 SE2d 575), and *American Legion v. Simonton,* 94 Ga. App. 184 (94 SE2d 66) relied on by plaintiff in error, both set out a time factor of four hours or more and such time could have given defendant opportunity to discover the dangerous condition.

In *S. H. Kress & Co. v. Flanigan,* 103 Ga. App. 301 (119 SE2d 32), the petition alleged that a white slippery substance causing the fall had been tracked in several places in a store and was within six feet and in easy sight of a servant, agent or employee of defendant. And further, that such substance could easily have been discovered by other servants, agents or employees of defendant. In that case dissemination was so wide that a jury question was raised as to whether in the exercise of due care defendant had an opportunity to discover the dangerous condition. We think these cases are clearly distinguishable from the present case upon their facts. The petition as amended in the present case did not set forth a cause of action.

5. "In a petition claiming damages, which alleges in general terms that the defendant was guilty of negligence, it is not sufficient to allege the negligence in general terms when the defendant objects by proper demurrer to such allegations, calling for the particulars of the negligence complained of; and when the judgment on the demurrer requires the pleader to amend in these particulars where he has been delinquent, and he refuses to amend, the pleading may be dismissed if the delinquency relates to the entire cause of action set up in the petition." *Cook v. Kroger Baking &c. Co.*, 65 Ga. 141 (1), supra.

*Judgment affirmed. Felton, C. J., and Frankum, J., concur.*

DECIDED APRIL 8, 1964.

*Ronald F. Adams, William A. Davis, Jr., W. M. Henderson,* for plaintiff in error.

*Conyers, Fendig, Dickey & Harris, Chris B. Conyers, Reid W. Harris,* contra.