41491, 41492. SHARPTON v. GREAT ATLANTIC & PACIFIC TEA COMPANY, INC. (two cases).

ARGUED SEPTEMBER 13, 1965—DECIDED SEPTEMBER 17, 1965.

*Murray C. Underwood, J. Sidney Lanier,* for plaintiffs in error.
*Bryan, Carter, Ansley & Smith, M. D. McLendon,* contra.

HALL, Judge. As a general rule, when the defendant's liability is based on constructive knowledge of a dangerous condition, the petition must allege facts and circumstances sufficient to make it a question of fact whether the alleged dangerous condition had existed for a sufficient length of time so that knowledge of it would be imputed to the defendant. *Home Fed. Savings &c. Assn. v. Hulsey,* 104 Ga. App. 123 (121 SE2d 311). The length of time which must exist to show that the defendant had an opportunity to discover the defect will vary with the circumstances of each case (nature of the business, size of the store, the number of customers, the nature of the dangerous condition, and its location). 65 CJS 547, 548, § 51. In the present case (No. 41491) the allegations showing that the defendant had an opportunity to discover the defect are that one of defendant's employees was in a position to see the defect (a green slippery substance) by casual observation at the time he directed the plaintiff's husband to use the aisle where it was; and that another employee of the defendant (or the same employee, as the defendant argues) was at the check-out coun-

ter of this aisle and could have seen the green, slippery substance. It cannot be said as a matter of law that the employee or employees of the defendant exercised ordinary care in either not observing the green, slippery substance or, if they observed it, in not rectifying the danger or warning the plaintiff. *S. H. Kress & Co. v. Flanigan,* 103 Ga. App. 301 (119 SE2d 32); *Belk-Gallant Co. of LaGrange v. Cordell,* 107 Ga. App. 785 (131 SE2d 575).

The petition in Case No. 41492 does not show that the alleged dangerous condition was not observable to the plaintiff's wife as well as to the defendant, and therefore does not state a cause of action. *Stowe v. Belk-Gallant Co.,* 107 Ga. App. 80, 83 (129 SE2d 196).

The trial court erred in sustaining the general demurrers to the petition in Case No. 41491, but did not err in sustaining the demurrers in Case No. 41492.

*Judgment reversed in Case No. 41491. Judgment affirmed in Case No. 41492. Bell, P. J., and Frankum, J., concur.*