43478. BANKS et al. v. COLONIAL STORES, INC.

Submitted March 5, 1968—Decided April 2, 1968.

*Jack K. Bohler,* for appellants.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Barry Phillips, Jeff Davis, Jr.,* for appellee.

QUILLIAN, Judge. 1. The defendant, appellee here, contends that the allegations of the petition were insufficient to present a question of fact for the jury whether the alleged dangerous condition had existed for a sufficient length of time to impute knowledge to the defendant. The defendant cites *Cook v. Kroger Baking &c. Co.,* 65 Ga. App. 141 (15 SE2d 531) and other cases as authority for its position. The plaintiffs contend that the petition set forth a cause of action because there were allegations that the defendant's employee, because of his location in the immediate area where the alleged dangerous condition existed, was negligent in either not observing the hazard or, if it were observed, in not removing the same. In support of this contention the appellants cite *Sharpton v. Great A. & P. Tea Co.,* 112 Ga. App. 283 (145 SE2d 101).

The facts alleged in the case sub judice and the *Sharpton* case are very similar. In the present case it was alleged that the defendant's employee was stacking soft drinks within eight to

ten feet of the area where the string beans had fallen on the floor and that the string beans were within his "easy sight." In the *Sharpton* case it was alleged that an employee was "putting cigarettes or other items in a rack" and was "in a position to see" the substance on the floor "by casual observation." It should be noted that in the *Sharpton* case it was alleged that there was also another employee who could have seen the substances on the floor and that the employee directed the plaintiff to use the aisle where the substance was located. While these additional facts made it a stronger case, they were not essential for that petition to set forth a cause of action.

In the *Sharpton* case 112 Ga. App. 283, supra, it was held: "It cannot be said as a matter of law that the employee or employees of the defendant exercised ordinary care in either not observing the green, slippery substance or, if they observed it, in not rectifying the danger or warning the plaintiff." P. 286. The premise upon which the *Sharpton* case held the petition set forth a cause of action was the failure of the employees either to observe or, if observed, to remove the substance on the floor, and not upon the plaintiff being directed to use that particular aisle.

In *S. H. Kress & Co. v. Flanigan,* 103 Ga. App. 301 (119 SE2d 32), it was held that the petition set forth a cause of action where the plaintiff slipped on a foreign substance which was on a flight of stairs in the store. In that case it was alleged that one of the defendant's employees "for a time" prior to the fall had been on duty in the proximity of the stairway upon which the plaintiff fell and was within "easy sight" of the stairway. In stating that the petition set forth a cause of action the court said: "Under these allegations it cannot be said as a matter of law that the defendant did not have an opportunity to discover and either warn the plaintiff, or correct the alleged defect." p. 304.

As is stated in *Belk-Gallant Co. v. Cordell,* 107 Ga. App. 785, 786 (131 SE2d 575) and *Ward v. Veterans of Foreign Wars,* 109 Ga. App. 563, 564 (136 SE2d 481) there are two different classes of cases which may be based on constructive knowledge of a defect. The first is that type of case where the liability of

the defendant is based on a duty to exercise reasonable care in inspecting and keeping the premises in a safe condition. *Home Federal S. & L. Assn. v. Hulsey,* 104 Ga. App. 121 (123 SE2d 311). To state a cause of action in that class of cases it is necessary that the petition state a period of time the dangerous condition has been allowed to exist. Without such an averment it would not be possible to determine whether the defendant had been afforded a reasonable time within which to inspect and remove the hazard. In such cases, absent unusual circumstances, in the opinion of the writer five minutes could not be a sufficient time within which to charge the defendant with constructive knowledge of the condition.

However, in the second type of case, that is, where it is alleged that an employee of the defendant was in the immediate area of the dangerous condition and could have easily seen the substance, it is not necessary to allege any specific length of time that the condition had existed. *S. H. Kress & Co. v. Flanigan,* 103 Ga. App. 301, supra; *Sharpton v. Great A. & P. Tea Co.,* 112 Ga. App. 283, supra.

The distinction between these two classes of cases lies in the fact that when it is alleged that an employee is in the immediate area of the dangerous condition and has the means and opportunity to discover the same, it then becomes a question for the jury whether the defendant in the exercise of due care should have discovered and either warned the plaintiff, or corrcted the alleged hazard.

Under the allegations of the petition in the present case it cannot be said as a matter of law that the defendant's employee was not negligent in failing to observe the defect or, if observed, in failing either to warn the plaintiff or to correct the alleged dangerous condition.

2. The remaining enumeration of error is without merit.

*Judgment reversed. Bell, P. J., and Hall, J., concur.*