### 47981. PROFESSIONAL BUILDING, INC. v. REAGEN.

QUILLIAN, Judge. Lola Mae Reagen brought suit in Richmond Superior Court against Professional Building, Inc. for the recovery of damages for injuries allegedly sustained by her as a result of a fall on the defendant's premises. The complaint alleged that on July 27, 1970, the plaintiff was walking out of the rear exit of a building commonly known as the Medical Arts Building in Richmond County, Georgia, which is owned by the defendant; that at the stated time and place the defendant was negligent in failing to properly maintain the exits and approaches to the building and in maintaining and allowing a metal strip which secures the end of a carpet covering the rear entrance to the building to become dislodged and raised, thus presenting a dangerous hazard. The complaint further set out that as a direct result of the defendant's negligence the plaintiff fell over the dislodged metal strip onto the asphalt surface of defendant's parking area and suffered injury. The defendant denied any negligence on its part, denied that the plaintiff suffered any injuries as a result of the alleged negligence, and denied that the plaintiff suffered any loss of any type as a result of the defendant's negligence.

The case came on for trial on the issues made and at the close of all the evidence in the case, the defendant made a motion for directed verdict in its favor on the ground that the evidence did not show any defect of which the defendant had notice or which existed for such length of time as to constitute constructive knowledge and therefore failed to establish any negligence on the part of the defendant. The motion was denied and the trial continued with the court submitting all issues to the jury which was unable to agree on a verdict. A mistrial was therefore declared. The defendant filed a motion for judgment notwithstanding the mistrial which was denied by the trial court.

Appeal was taken to this court and the defendant enumerates as error the overruling of its motion for directed verdict and the order of the trial judge denying the motion for judgment notwithstanding the mistrial. *Held:*

The plaintiff's complaint is predicated on the defendant's negligent maintenance. "As distinguished from defects in construction, where the rule is that the landlord is conclusively presumed to have knowledge thereof *(Wynne v. Southern Bell Tel. & Tel. Co.,* 159 Ga. 623 (126 SE 388); *Monohan v. National Realty Co.,* 4 Ga. App. 680 (1) (62 SE 127)), mere defects in the maintenance of the premises must be shown to have existed for such a length of time, or under such circumstances as to actually or constructively put the owner of the building on notice thereof before he will be liable for injuries resulting therefrom. *McCrory Stores Corp. v. Ahern,* 65 Ga. App. 334 (15 SE2d 797); *Lane Drug Stores, Inc. v. Brooks,* 70 Ga. App. 878, 886 (29 SE2d 716)." *Lupion v. Blass,* 101 Ga. App. 264, 265 (113 SE2d 413). See *Roberts v. Wicker,* 213 Ga. 352, 355 (99 SE2d 84).

We thoroughly discussed the means by which a defendant might be imputed with constructive knowledge in *Banks v. Colonial Stores,* 117 Ga. App. 581, 584 (161 SE2d 366), which held: "As is stated in *Belk-Gallant Co. v. Cordell,* 107 Ga. App. 785, 786 (131 SE2d 575) and *Ward v. Veterans of Foreign Wars,* 109 Ga. App. 563, 564 (136 SE2d 481) there are two different classes of cases which may be based on constructive knowledge of a defect. The first is that type of case where the liability of the defendant is based on a duty to exercise reasonable care in inspecting and keeping the premises in a safe condition. *Home Federal S. & L. Assn. v. Hulsey,* 104 Ga. App. 123 (121 SE2d 311). To state a cause of action in that class of cases it is necessary that the petition state a period of time the dangerous condition has been allowed to exist. Without such an averment it would not be possible to determine whether the defendant had been afforded a reasonable time within which to inspect and remove the hazard ... However, in the second type of case, that is, where it is alleged that an employee of the defendant was in the immediate area of the dangerous condition and could have easily seen the substance, it is not necessary to allege any specific length of time that the condition had existed."

Many of the cases dealing with issue of whether the defendant had a sufficient length of time to discover the defect have been on summary judgment where the burden was upon the defendant as

movant to establish the lack of any triable issue. See *Colonial Stores, Inc. v. Turner,* 117 Ga. App. 331, 333 (160 SE2d 672); *Candler General Hospital, Inc. v. Purvis,* 123 Ga. App. 334 (181 SE2d 77).

Of course, as has been pointed out in *Southeastern Builders v. Starrett,* 127 Ga. App. 5 (192 SE2d 394), a different situation arises on the trial of the case. For in that instance, the burden is on the plaintiff who could not recover unless there was some proof adduced showing that there had been a sufficient length of time for the defendant to have constructive notice of the defect.

Here there is evidence that the defect existed after the plaintiff's fall. Of course, the doctrine of continuity does not include a "presumption that a present proven status existed in the past," but only that something which exists in the present will continue until there is proof of a change. *McCluskey v. American Oil Co.,* 224 Ga. 253, 255 (161 SE2d 271). All the evidence tended to show that there was no defect at some time prior to the occurrence in question, and nothing to show when the defect came into existence. Thus, if the defect caused plaintiff's fall, there is no evidence that it was in existence for sufficient period of time for the defendant to have discovered it in the course of any inspection which the jury might find would be required. This being true, and there being no other circumstances sufficient to charge the defendant with constructive notice, the plaintiff failed to carry the burden of proof and the defendant was entitled to a directed verdict.

*Judgment reversed. Bell, C. J., and Deen, J., concur.*

ARGUED MARCH 5, 1973 — DECIDED JUNE 8, 1973.

*Fulcher, Hagler, Harper & Reed, David H. Hanks,* for appellant. *Sanders, Hester, Holley, Askin & Dye, J. Carlisle Overstreet,* for appellee.