### 49195. BURGER BARN, INC. v. YOUNG.

EVANS, Judge.

Mrs. Young filed suit for damages against Burger Barn in the Municipal Court of Columbus. She alleges she entered the establishment through the regular entrance, as was her custom. The doors to the entrance, after being opened, are operated by an automatic device which closes the doors. She glanced to her left and toward the serving area, as was her custom, to ascertain the menu for that day. Then, for the first time, she became aware of a trash container, about waist high, which had been removed from its regular place, and was left near the entrance and in the path of those entering, so as to impede her entrance to the restaurant. The automatic device was causing the

entrance door to swiftly close on her right hand side, which necessitated her moving toward her left between the trash container and the door. The trash container was so near the door that it barely escaped being hit by the opening and closing of the door. The closing door caught plaintiff's right hand, and pushed it into the door frame, causing serious injury.

During the trial defendant twice moved for directed verdict, both of which motions were denied. The jury returned a verdict for plaintiff for $2,500. Defendant moved for judgment notwithstanding the verdict and for a new trial, both of which motions were overruled and denied. Defendant appeals. *Held:*

1.  Where the owner or occupier of land by express or implied invitation, induces others to come upon his premises for any lawful purpose, and fails to exercise ordinary care to keep the premises or approaches safe, he is liable in damages to such person for injuries resulting therefrom. Code § 105-401.

2.  A directed verdict is proper only when all of the evidence demands the verdict. *Whitlock v. Michael,* 208 Ga. 229 (65 SE2d 797).

3.  Questions of negligence, contributory negligence, cause and proximate cause, and whose negligence or what negligence constitutes the proximate cause of the injury are solely for the jury, except in plain, palpable and indisputable cases. *Long Construction Co. v. Ryals,* 102 Ga. App. 66 (1) (115 SE2d 726), and cits. *Malcom v. Malcolm,* 112 Ga. App. 151, 153 (144 SE2d 188); *Boggs v. Griffeth Bros.,* 125 Ga. App. 304 (2) (187 SE2d 915).

4.  As to hazards, ordinarily the owner is allowed a reasonable time to exercise care in inspecting and keeping the premises in a safe condition; but where defendant or its agents are in the immediate vicinity or area of the dangerous condition as was set forth in plaintiff's testimony, and could easily have remedied it, no specific length of time will excuse the failure to exercise ordinary care after knowledge of the defect. *Banks v. Colonial Stores, Inc.,* 117 Ga. App. 581, 584 (161 SE2d 366); *Professional Bldg. v. Reagen,* 129 Ga. App. 183, 184 (199 SE2d 266).

5.  As to invitees on the premises of another, it is the

duty of the owner to keep the premises, not in a reasonably safe condition, but in a *safe* condition. See *Martin v. Henson,* 95 Ga. App. 715 (99 SE2d 251).

6. The trash can was on the premises of the defendant, which premises were in his charge and under his control. In the absence of some evidence to suggest that a third person moved the trash container from its regular place to a position where it became a hazard to those entering the front door to the restaurant, it will be presumed that the owner or his employees moved the trash container to its hazardous position. In this situation, time for discovering the hazard and remedying same is not involved; and the question of whether defendant discovered the hazard and had sufficient time thereafter to remedy same is not involved.

7. Defendant contends plaintiff should have seen the trash can and should have avoided it and her failure to do so was the failure to exercise ordinary care. This was a question to present to the jury, as it is the peculiar function of juries to decide questions of negligence, except in clear, palpable and indisputable cases. (See authorities cited in Headnote 3.)

8. Where a customer has his attention diverted because of a situation existing in the store (in this case, the ascertainment of what was on today's menu), a jury question is made as to whether the failure to observe a hazard in plaintiff's pathway was negligence or not. See *Glover v. City Council of Augusta,* 83 Ga. App. 314 (63 SE2d 422); *Stanfield v. Forrest Five &c. Stores,* 95 Ga. App. 739 (99 SE2d 167) and many cases cited by Chief Judge Felton at page 741.

9. Error is enumerated to the failure to charge that defendant's breach of ordinary care would have to be based on constructive knowledge of a dangerous or defective condition and the failure of defendant to correct such condition. But because of the locality of the trash can, the employees, and the entranceway to the eating establishment, a charge that the owner must have constructive knowledge of the defect in the premises would have been erroneous since the employees knew that the trash can was not in its regular place (which was actual knowledge), and as it was in the pathway of

patrons entering the establishment, it would have impeded patrons as they entered the same. The excerpt excepted to was argumentative in favor of the defendant. See *Thornton v. Parker,* 208 Ga. 633 (1) (68 SE2d 695). No error has been shown by the failure of the court to charge as to constructive knowledge.

*Judgment affirmed. Pannell, J., concurs. Eberhardt, P. J., concurs in the judgment.*

ARGUED APRIL 4, 1974 — DECIDED MAY 16, 1974.

*Hatcher, Stubbs, Land, Hollis & Rothschild, Gary L. Coulter, William B. Hardegree,* for appellant.
*Hirsch, Beil & Partin, Jacob Beil,* for appellee.