51865. WINN-DIXIE STORES, INC. et al. v. HARDY.

QUILLIAN, Judge.

Plaintiff was a customer in defendant's supermarket. As she walked in front of the fresh vegetable counter she slipped and fell, and injured herself. She brought this action to recover damages incurred as a result of the fall. Defendant appeals from the verdict and judgment for plaintiff. *Held:*

1. Defendant contends that the trial court erred in charging the jury that "an invitee is not obligated to inspect the premises to discover hidden defects nor even to observe all apparent defects." We agree with defendant that plaintiff's legal authority for this requested charge, *Slaughter v. Slaughter,* 122 Ga. App. 374 (177 SE2d 119)

does not provide support for this statement of law. However, this court held in *Misenhamer v. Pharr,* 99 Ga. App. 163 (1) (107 SE2d 875), that "[a]n invitee is not obliged to inspect the premises to discover latent defects nor even to observe all patent defects." Accord, *Cox v. R. M. Lee Co.,* 100 Ga. App. 333, 339 (111 SE2d 246) cert. den.; *Kreiss v. Allatoona Landing, Inc.,* 108 Ga. App. 427, 437 (133 SE2d 602) cert. den.; *Herrington v. Stone Mountain Memorial Assn.,* 119 Ga. App. 658, 662 (168 SE2d 633) rev. on other grounds, 225 Ga. 746. The court did not err in giving this charge.

2. Enumeration of error six avers that the trial court erred in giving plaintiff's requested charge number three: "that when an invitee comes on the premises she is not under a duty as a matter of law to discover apparent defects, and she may rely upon duty of the occupier to keep premises safe." We do not agree. A duty rests upon the owner or occupier of land to exercise ordinary care to keep the premises safe for persons coming thereon by his invitation. Code § 105-401; *Lane Drug Stores v. Brooks,* 70 Ga. App. 878, 884 (29 SE2d 716). Such invitee, in coming upon the premises, "may rely upon the discharge of this duty by the person occupying the land and in control of it, and therefore is not necessarily, and as a matter of law, guilty of negligence in failing to discover the existence of a patent defect in the premises which renders it unsafe for persons coming upon the premises." *Cooper v. Anderson,* 96 Ga. App. 800, 810 (101 SE2d 770). We find no error here.

3. Defendant's enumerations of error 7, 8, 9, and 10 are without merit, as the instructions given are supported by the referenced citations of legal authority.

4. Defendants allege that the trial court erred in denying their motion for judgment notwithstanding verdict, as amended, or in the alternative, motion for new trial. We agree. The evidence that plaintiff slipped and fell in defendant's store is uncontradicted. After she fell, plaintiff said she saw "a big . . . long, greasy looking, wet . . . sort of something." One person who saw her fall rushed to her aid and she also slipped and fell on something "green and slick." The person who picked plaintiff up from the floor testified his "hand got in slick, slimy stuff, . . . like

... a cabbage leaf or lettuce leaf" but he did not see a leaf. Another witness saw "some kind of brown slimy looking stuff." Defendants inspected the area where plaintiff fell and saw nothing.

The owner or occupier of land is liable in damages to invitees for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe. Code § 105-401. However, the merchant is not an insurer of the safety of his customers, but what the law requires is such diligence toward making the premises safe as the ordinarily prudent businessman in such matters is accustomed to use. *Emory University v. Williams,* 127 Ga. App. 881 (195 SE2d 464). Before an owner or occupier of premises can be held liable for the slippery condition of the floor produced by the presence of a foreign substance, proof must be shown that he was aware of the substance or should have known of the substance had he exercised reasonable care. *Boatright v. Rich's, Inc.,* 121 Ga. App. 121, 122 (3) (173 SE2d 232); *Colonial Stores, Inc. v. Turner,* 117 Ga. App. 331, 334 (160 SE2d 672).

The true ground of liability is the proprietor's superior knowledge of the perilous instrumentality and the danger therefrom to persons going upon the premises. *Angel v. Varsity, Inc.,* 113 Ga. App. 507 (148 SE2d 451). The exercise of ordinary care to keep the premises safe for invitees includes a duty to anticipate the negligence of others which is usual or likely to happen. *Eckerd-Walton, Inc. v. Adams,* 126 Ga. App. 210 (190 SE2d 490). But Georgia courts have uniformly held that where the customer slips on a substance placed on the floor by others than the owner, it is necessary to prove that the defendant had knowledge or that under the circumstances he was chargeable with constructive knowledge of its existence. *Wootton v. City of Atlanta,* 101 Ga. App. 779, 780 (115 SE2d 396). Ordinarily a defendant would be allowed a reasonable time to exercise care in inspecting and keeping the premises in a safe condition. *Burger Barn, Inc. v. Young,* 131 Ga. App. 828 (4) (207 SE2d 234). The law does not require a proprietor to patrol the floor constantly when there are no conditions making the premises unusually dangerous. *Colonial Stores, Inc. v.*

*Turner,* 117 Ga. App. 331, supra.

Defendant denied knowledge of the presence of any foreign substance on the floor. The question of whether there was sufficient evidence to prove constructive knowledge was plaintiff's burden. There are two different classes of cases which may be based on constructive knowledge. The first is that type where liability of the defendant is based on the fact that an employee of the defendant was in the immediate area of the dangerous condition and could have easily seen the substance and removed the hazard. *S. H. Kress & Co. v. Flanigan,* 103 Ga. App. 301 (119 SE2d 32); *Sharpton v. Great A. & P. Tea Co.,* 112 Ga. App. 283 (145 SE2d 101). The evidence shows that none of defendant's employees were in the immediate area. The second type of case is that based on the duty of the defendant to exercise reasonable care in inspecting and keeping the premises in safe condition. *Home Federal S. & L. Assn. v. Hulsey,* 104 Ga. App. 123 (121 SE2d 311); *Boatright v. Rich's, Inc.,* 121 Ga. App. 121, supra. To sustain plaintiff's cause of action in the latter case it is necessary that he prove "a period of time the dangerous condition has been allowed to exist. Without such [proof] it would not be possible to determine whether the defendant had been afforded a reasonable time within which to inspect and remove the hazard." *Banks v. Colonial Stores, Inc.,* 117 Ga. App. 581 (161 SE2d 366).

In the instant case, no specific amount of time was alleged or proved that the foreign substance was permitted to remain on the floor.

From the foregoing, we have concluded that this is a case which falls within the ambit of Code Ann. §§ 81A-150 (d) & (e) (Ga. L. 1966, pp. 609, 656; 1967, pp. 226, 237, 246, 248). Accordingly, to meet the ends of justice under the facts of this case, we order that a new trial be had.

*Judgment reversed with direction. Deen, P. J., and Webb, J., concur.*

ARGUED MARCH 2, 1976 — DECIDED APRIL 6, 1976.

*Bennet, Gilbert, Gilbert, Whittle, Harrell & Gayner, Wallace E. Harrell,* for appellants.

346

*Harrison & Stein, Robert W. Harrison, Jr.,* for appellee.