## 52279. PIGGLY WIGGLY SOUTHERN, INC. v. CONLEY et al.

QUILLIAN, Judge.

This appeal arises out of suit brought by a husband and wife seeking to recover damages for injuries sustained by the wife when she fell in the corporate defendant's store. The jury returned a verdict in favor of each of the plaintiffs. The defendant appeals, assigning error on the overruling of its motion for judgment notwithstanding the verdict and motion for new trial. *Held:*

1. It is contended that the evidence is insufficient to sustain the verdict because the plaintiff failed to establish that the defendant had constructive knowledge of the presence of the wet substance which purportedly caused the plaintiff's wife to slip and fall. We are cited authority to the effect that before an owner can be held liable for the slippery condition of a floor, produced by the presence of a foreign substance, proof must be shown that he was aware of the substance or would have known of its presence had he exercised reasonable care. *Emory University v. Williams,* 127 Ga. App. 881, 883 (195 SE2d 464). It is urged that there was no evidence that the alleged dangerous condition was in existence for a sufficient period of time for the defendant to have discovered it in the course of any inspection. See *Professional Bldg. v. Reagen,* 129 Ga. App. 183 (199 SE2d 266).

In *Banks v. Colonial Stores, Inc.,* 117 Ga. App. 581, 585 (161 SE2d 366), we dealt with the requirements necessary to establish constructive knowledge on the part of the defendant. There it was pointed out: "where it is alleged that an employee of the defendant was in the immediate area of the dangerous condition and could have easily seen the substance, it is not necessary to allege any specific length of time that the condition had existed." Accord, *S. H. Kress & Co. v. Flanigan,* 103 Ga. App. 301 (119 SE2d 32); *Sharpton v. Great A. & P. Tea Co.,* 12 Ga. App. 283 (145 SE2d 101); *Burger Barn, Inc. v. Young,* 131 Ga. App. 828 (4) (207 SE2d 234). The evidence of record showed that an employee of the defendant was in the vicinity where the alleged dangerous condition existed. It was, of course, for the jury to determine, whether he was in the immediate vicinity and whether he could have easily seen the wet place on the floor or not. The jury found in favor of the plaintiffs and thus found that the requirements of the rule we have cited were met. In such circumstances, since there was some evidence to sustain the jury's finding, the enumeration of error, based on the insufficiency of evidence is without merit.

2. The defendant contends that it was error to give a charge setting forth the rule of *Banks v. Colonial Stores, Inc.,* 117 Ga. App. 581, 584, supra. In view of our discussion in Division 1 of this opinion, it is evident that this charge was appropriate to the facts of the case and whether a finding as to this matter was warranted was for the jury to determine.

3. The trial judge gave the following charge to the jury: "And I further charge you as to invitees on the premises of another, it is the duty of the owner to keep the premises not in a reasonably safe condition but in a safe condition." It is contended that the effect of this charge was to place an absolute duty on the defendant to keep the premises safe.

Immediately prior to that portion of the charge enumerated as error the jury was instructed that the defendant was liable for failure "to exercise ordinary care to keep the premises or approaches safe."

The crux of the matter is that the defendant must use ordinary care to keep the premises safe. Reasonably safe

is not the true test. This is pointed out in *Martin v. Henson,* 95 Ga. App. 715 (99 SE2d 251); *Burger Barn, Inc. v. Young,* 131 Ga. App. 828 (5), supra. See Code § 105-401.

In context the charge was not error.

4. "It is not reversible error to merely state correctly the contentions as made by the allegations of the petition, even though some of the contentions may not be supported by the evidence." *Sirmans v. Sirmans,* 220 Ga. 712, 714 (3) (141 SE2d 410); *Phillips v. Howard,* 109 Ga. App. 404 (2) (136 SE2d 473).

The fourth enumeration of error is without merit.

5. The defendant made a written request for the trial judge to charge that the jury should not consider any sympathy for the plaintiff in arriving at its judgment. After this request was denied the defendant counsel orally requested that the trial judge charge with regard to sympathy for both parties. No written request as to this matter was made. In *City of Jesup v. Spivey,* 133 Ga. App. 403, 405 (4) (210 SE2d 859), it was pointed out that "a request to charge that sympathy should not be shown to *one of the parties only* is argumentative and should not be given."

It was, therefore, not error to refuse to charge on sympathy for the plaintiff, and in view of the fact that no written request was made, it was not error to refuse to charge on sympathy as to both parties.

*Judgment affirmed. Deen, P. J., and Webb, J.; concur.*

Argued May 24, 1976 — Decided September 10, 1976.

*Burnside, Dye, Miller & Bowen, James B. Wall, Anderson & Sanders, Cohen Anderson,* for appellant.
*Johnston & Brannen, Sam L. Brannen,* for appellees.