## 58394. PIGGLY WIGGLY SOUTHERN, INC. v. ERFOURTH.

CARLEY, Judge.

This appeal involves the type of personal injury lawsuit generally referred to as a "slip and fall" case. Appellee was shopping in one of appellant's grocery stores. As she approached within 15 feet of an employee

stationed in the produce department, she stepped upon a broken piece of squash lying in the aisle whereupon she slipped, fell to the floor and sustained injuries. The issues raised by the resulting damage suit filed by appellee were tried before a jury which returned a verdict in favor of appellee. Judgment was entered on the verdict, appellant's motion for new trial as amended was denied, and appellant appeals to this court.

1. Appellant enumerates and argues the general grounds asserting that the evidence introduced at the trial demanded as a matter of law the return of a verdict in its favor. Appellant contends that there is no evidence that it had actual knowledge or notice of the existence on its aisle floor of the piece of squash and that appellee's evidence failed to satisfactorily sustain appellee's burden of proof to show constructive knowledge imputable to appellant. Although there is no evidence from which the trier of fact could determine how long the vegetable substance had been on the floor prior to the incident, no such showing is necessary where it appears that "an employee of the defendant was in the immediate area of the dangerous condition and could have easily seen the substance . . ." *Banks v. Colonial Stores,* 117 Ga. App. 581, 585 (161 SE2d 366) (1968). While appellee testified that the employee did not actually see the squash until the appellee stepped on it, slipped and fell, the evidence showed that the employee was present as a result of appellant's policy to have someone in the produce aisle at all times because, as appellant's witness testified, "the produce aisle is subject to more debris than a regular store aisle." On the basis of the presence of the produce department employee at the scene of the fall and in view of the testimony indicating appellant's recognition of the necessity of giving more attention to the produce aisle than other portions of the store, the jury could have concluded — and obviously did conclude — that the employee should have seen and removed the impediment so as to eliminate the possibility of customer injury. As in *Piggly Wiggly Southern, Inc. v. Conley,* 139 Ga. App. 532, 533 (229 SE2d 25) (1976), "[t]he evidence of record showed that an employee of the defendant was in the vicinity where the alleged dangerous condition existed. It was, of

course, for the jury to determine, whether he was in the immediate vicinity and whether he could have easily seen the wet place on the floor or not. The jury found in favor of the plaintiffs and thus found that the requirements of the rule we have cited were met. In such circumstances, since there was some evidence to sustain the jury's finding, the enumeration of error, based on the insufficiency of evidence is without merit." See also *Burger Barn, Inc. v. Young,* 131 Ga. App. 828 (4) (207 SE2d 234) (1974); *S. H. Kress & Co. v. Flanigan,* 103 Ga. App. 301 (119 SE2d 32) (1961); *Sharpton v. Great A. & P. Tea Co.,* 112 Ga. App. 283 (145 SE2d 101) (1965).

2. Relying upon the general rule that the interjection of the issue of insurance is erroneous, prejudicial and harmful, appellant contends that the trial court erred in refusing to grant a mistrial when the appellee made a reference to an insurance adjuster while responding to appellant's cross examination of appellee with regard to appellee's answers to appellant's interrogatories. The allegedly tainted testimony was developed thusly, to wit: "Q. Is this your signature? A. This is my signature, but let me read this first. That was a report to the insurance adjuster, right? Q. No. A. I didn't make — I didn't sign nothing only to the insurance adjuster which is Mr. Allgood from Savannah."

In refusing to declare a mistrial, the learned trial judge stated that he was so ruling because "there is no identification or connection shown between the defendant and the insurance adjuster referred to . . ." In so analyzing the testimony and ruling on the basis of the analysis, the trial court is supported by this court's decision in *Neda Const. Co. v. Jenkins,* 137 Ga. App. 344, 346 (223 SE2d 732) (1976), wherein we said: "We do not know and will not speculate whether the reference was to a representative of the insurance company of either of the appellants, the appellee, or of some other interested third party. 'In Georgia the injection into a case of testimony pertaining to liability insurance does not automatically require a grant of a motion for a mistrial. It is only where the testimony is so obviously prejudicial in its nature that its adverse effect cannot be eradicated from the minds of the jury or its consequences avoided by proper cautionary

instructions from the court, that a mistrial should be granted. (Cits.) The determination as to whether these harmful factors are present in a case necessarily rests in the discretion of the trial judge. Appellate courts should never interfere with the exercise of that discretion unless it is made to appear that wrong or oppression has resulted from its abuse.' *Wallace v. Cates,* 120 Ga. App. 228 (170 SE2d 40). This innocuous reference to insurance was harmless. *Heinz v. Backus,* 34 Ga. App. 203 (2b) (128 SE 915), as well as being partially induced by appellants' counsel. *Jackson v. State,* 234 Ga. 549, 553 (216 SE2d 834)." Under *Neda Const. Co.,* appellant's enumeration concerning interjection of insurance is without merit. The trial court did not err in declining to declare a mistrial.

*Judgment affirmed. Deen, C. J., and Shulman, J., concur.*

ARGUED SEPTEMBER 5, 1979 — DECIDED NOVEMBER 21, 1979.

*William C. Calhoun, Elizabeth C. Calhoun,* for appellant.

*Sam B. Sibley, Jr.,* for appellee.