66945. LEND LEASE TRANSPORTATION COMPANY v. McBRIDE.

SHULMAN, Presiding Judge.

This appeal is from a slip and fall case involving a foreign substance. On January 9, 1980, appellee and his wife drove their tractor-trailer rig into appellant's truck service facility in order to get some fuel and to leave a flat tire to be repaired. One of appellant's employees emerged from a doorway near the business offices and met appellee as he parked his truck next to the service island where the gas tanks were located. The employee proceeded to put gas in the truck as appellee retrieved the punctured tire from the tire rack under the trailer of the rig. Appellee was injured when, in attempting to dislodge the tire, he slipped on a glob of grease that was on the pavement about a foot or two under the truck. He brought this negligence action against appellant for allegedly failing to keep the area surrounding the service island safe for its customers. At trial, a jury returned a verdict in favor of appellee. Appellant's motions for directed verdict, for judgment n.o.v., and for new trial were denied by the trial court. Appellant contends on appeal that there was insufficient evidence to establish its actual or constructive knowledge of the hazardous condition.

In slip and fall cases, "[t]he true ground of liability is the proprietor's superior knowledge of the perilous instrumentality and the danger therefrom to persons going upon the premises. [Cit.] . . . Georgia courts have uniformly held that where the customer slips on a substance placed on the floor by others than the owner, it is necessary to prove that the defendant had knowledge or that under the circumstances he was chargeable with constructive knowledge of its existence. [Cit.]" *Winn-Dixie Stores v. Hardy,* 138 Ga. App. 342, 344 (226 SE2d 142). Constructive knowledge may be established by showing that (1) the substance had been there for such a time that

ordinary diligence by the defendant should have effected its discovery; or (2) that an employee of the defendant was in the immediate area of the dangerous condition and could have easily seen the substance. *Banks v. Colonial Stores,* 117 Ga. App. 581 (161 SE2d 366). In the present case, appellee concedes that there is no evidence that appellant had actual knowledge of the existence of the grease. Appellee further admits that he had no idea how long the grease had been on the pavement, but he testified that appellant's employee was only 15 feet away when the accident occurred. "It was, of course, for the jury to determine, whether [the employee] was in the immediate vicinity and whether he could have easily seen the [grease on the concrete] or not. The jury found in favor of the [plaintiff] and thus found that the requirements of the rule we have cited were met." *Piggly Wiggly Southern v. Conley,* 139 Ga. App. 532, 533 (229 SE2d 25).

The sanctity of a jury's verdict is timelessly woven into the jurisprudence of this state. Unlike an appellate court, a jury is afforded the opportunity to observe and analyze the demeanor of each witness. As long ago as the 19th Century, the courts of this state have held that even though the weight of the evidence seems against the verdict, the jury's determination must be upheld if there is just *slight* evidence in favor of its verdict. *Kendrick & Co. v. Visage,* 88 Ga. 275 (14 SE 612). Therefore, in the present case, "since there was some evidence to sustain the jury's finding, the enumeration of error, based on the insufficiency of evidence, is without merit." *Piggly Wiggly Southern, Inc. v. Conley,* supra, p. 533.

*Judgment affirmed. McMurray, C. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 3, 1984 —
REHEARING DENIED FEBRUARY 22, 1984 — ■

*Oliver B. Dickens, Jr., Bryan F. Dorsey,* for appellant.
*Robert D. Feagin,* for appellee.