### 70428. MITCHELL v. FOOD GIANT, INC.
(337 SE2d 353)

BIRDSONG, Presiding Judge.

In this slip and fall case, the plaintiff-appellant slipped on a radish on the floor of appellee's grocery store. At the time of appellant's slip and fall, a customer and the appellee's store manager and produce boy were all in the produce department of the store. The customer was "on the end of the counter on the same side. . . . The manager and the produce boy . . . came *over* to help me. . . . The produce employee . . . was on the other side. He was opposite of me. . . . In between [Ms. Mitchell] and the manager and the produce employee was the actual food. . . ." It seems obvious therefore that the area of the floor upon which the radish fell and upon which Ms. Mitchell stepped and/or slipped and fell was separated from the line of sight of the store employees by an aisle divider. There is no evidence in the case that appellee or its employees had actual knowledge of the foreign substance on the floor; there is no evidence as to how long the radish had been on the aisle floor when appellant slipped and fell. The trial court granted a directed verdict to the appellee Food

Giant at the close of appellant's case. She appeals. *Held*:

The appellant contends that she showed evidence of appellee's constructive knowledge of the foreign substance, by the fact alone that employees of the appellee were "in the immediate area of the dangerous condition and could have easily seen the substance." *Lend Lease Transp. Co. v. McBride*, 169 Ga. App. 902, 903 (315 SE2d 449); *Piggly Wiggly Southern v. Erfourth*, 152 Ga. App. 468 (263 SE2d 249); *Piggly Wiggly Southern v. Conley*, 139 Ga. App. 532 (229 SE2d 25). The appellee Food Giant contends that, the law quoted by appellant notwithstanding, to sustain an action for negligence based on constructive knowledge of the foreign substance by the defendant, the plaintiff must "show that the foreign substance was on the floor for a length of time sufficient for knowledge of it to be imputed to the defendant." *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327).

We agree with appellee Food Giant that it is entitled to a directed verdict under the facts in this case. However, our analysis of the cases cited by Ms. Mitchell causes us to conclude that she is confused when she urges that these cases seem to authorize a cause of action or a verdict based upon no more than a showing that an employee of the defendant was in the immediate area of the fall. The law in this state, including the three recent cases cited by appellant, never made such a statement. The law actually requires the substance to have been on the floor for a sufficient length of time to give the defendant an opportunity to discover it.

The three cases cited by appellant (supra), and *Winn-Dixie Stores v. Hardy*, 138 Ga. App. 342, 345 (226 SE2d 142), which is the case cited for the principle stated in *Alterman Foods*, supra, all seem to conclude there is a class of case in which liability can be shown regardless how long the hazard may have been present if there is proof that the defendant's employee was "in the immediate area of the dangerous condition and could have easily seen the substance and removed the hazard." In the three cases cited by appellant, she argues this means that the plaintiff need only show that the employee was "in the immediate area of the dangerous condition."

However, it can readily be seen that the cases relied upon in the cited authority which allegedly established the contended proposition do not support it.

In *S. H. Kress & Co. v. Flanigan*, 103 Ga. App. 301, 304 (119 SE2d 32), we held that if the allegations show the defendant had the opportunity to discover the defect, a jury question is raised. The allegations showed the defendant's servants were in the area where plaintiff fell, "for a time prior" to the time plaintiff fell, and the foreign substance was alleged to have remained on the floor "for such a length of time to give the defendant . . . notice of the dangerous condition of its stairway, prior to plaintiff's fall, because Christmas shop-

ping patrons of the defendant . . . had tracked the substance from the steps . . . throughout the remaining portion of the basement floor and some of it had actually been tracked back up and onto the bottom steps." We held that "[u]nder these allegations it [could not] be said that . . . defendant did not have an opportunity to discover [the hazard]."

In *Home Fed. Savings &c. Assn. v. Hulsey*, 104 Ga. App. 123 (121 SE2d 311), it was held that in order to set forth a cause of action, the petition must "allege facts or circumstances sufficient to make it a question of fact as to whether the alleged dangerous condition had existed for a sufficient length of time so that knowledge would be imputed to the defendant. [Cits.]" The petition was dismissed because it made no such allegation.

In *Belk-Gallant Co. v. Cordell*, 107 Ga. App. 785 (131 SE2d 575), the court cited *S. H. Kress & Co.*, supra, and held that the petition in the case met the test of showing the defendant's superior knowledge of an opportunity to discover and rectify the danger. That petition alleged the slippery substances had been tracked onto the floor "all during the day" from the time the store opened to the time plaintiff fell. The gist of the case is the holding that the defendant must have an "opportunity to discover and rectify the defect" even though no specific length of time is alleged.

In *Ward v. Veterans of Foreign Wars*, 109 Ga. App. 563, 564 (136 SE2d 481), we cited *S. H. Kress & Co.*, supra, and *Belk-Gallant Co.*, supra, as both involving evidence that the substance had been on the floor for a length of time sufficient to give defendants an opportunity to discover the hazard. The petition was dismissed in *Ward* because it did not "set out facts from which an inference of constructive knowledge can be drawn from the length of time the [substance] was permitted to remain on the floor. . . . In order to set forth a cause of action based upon constructive notice or knowledge, the petition must allege facts or circumstances sufficient to make it a question of fact as to whether the alleged dangerous condition had existed for a sufficient length of time so that knowledge would be imputed to the defendant. [Cits.]"

In *Sharpton v. Great A&P Tea Co.*, 112 Ga. App. 283, 285 (145 SE2d 101), we held that as a general rule when the defendant's liability is based on constructive knowledge of a dangerous condition, the petition must allege facts and circumstance sufficient to make it a question of fact "whether the alleged dangerous condition had existed for a sufficient length of time so that knowledge of it would be imputed to the defendant." There the evidence showed the defendant's employee at the check-out counter had direct vision of the foreign substance on the aisle floor before he waved or motioned for the plaintiff to come to that aisle.

In *Banks v. Colonial Stores,* 117 Ga. App. 581, 584-585 (161 SE2d 366), we stated for the first time that there are "two different classes of cases which may be based on constructive knowledge of a defect." The first class was said to require a statement of the period of time the dangerous condition has been allowed to exist, from which a jury could conclude the defendant breached his duty to inspect the premises and keep them in a safe condition. The second class of case involves actual or constructive knowledge of the dangerous condition, and, as to evidence of constructive knowledge, we said that where it was alleged that defendant's employees were in the immediate area of the dangerous condition and could easily have seen the substance, "it is not necessary to allege any specific length of time that the condition had existed." Id. p. 585. This statement could be taken to mean that one need only show an employee had been in the immediate area of the dangerous condition, but in fact the case still requires evidence that the defendant had "the means and opportunity to discover the same." Id. p. 585. It can easily be seen that the two cases cited for that proposition, *S. H. Kress & Co.* and *Sharpton,* supra, were in fact based on evidence *that although no "specific length of time" was alleged the evidence showed the condition had existed for a time prior to the fall,* thus giving the defendant's employees in the immediate area an opportunity to discover and rectify the danger. In fact, the evidence in the *Banks* case showed that green beans had been on the floor for five minutes. This was not deemed enough to show negligence in failing to exercise reasonable care in inspecting and keeping the premises in a safe condition, but the fact that the defendant's employee had been in the area where the beans had been for five minutes, was enough to raise a jury question of constructive knowledge. See also *Burger Barn v. Young,* 131 Ga. App. 828 (4) (207 SE2d 234) and *Professional Bldg. v. Reagen,* 129 Ga. App. 183 (199 SE2d 266).

The rule actually is that a defendant's constructive knowledge of a foreign substance may be shown where the defendant had an *"opportunity to discover the [defect]." Banks,* supra, p. 585; *Belk-Gallant Co.,* supra; *Sharpton,* supra, p. 285; *S. H. Kress & Co.,* supra, p. 302. Such an "opportunity to discover" may be shown by evidence that the substance had been tracked about the store by the defendant's employees prior to plaintiff's fall (*S. H. Kress & Co.*); or that the foreign substance was in the employee's direct line of vision before he motioned the plaintiff to come down that aisle, and could not have been placed there after the plaintiff's entry into the aisle (*Sharpton,* p. 284); that the defendant's employee was in the area and the slippery substance had been tracked all during the day for about four hours before plaintiff's fall (*Belk-Gallant Co.,* supra, pp. 787-788); or that the substance had been on the floor five minutes and an employee was in the immediate area. *Banks,* supra.

We conclude there never has been a rule in this state that liability can be shown by nothing more than the fact that the defendant's employee was in the immediate area of the hazardous substance. In every case, the rule that states that proposition also requires a finding that the defendant's employee had "an opportunity to discover and remove the hazard," which can only be shown, and in fact in the early cases was shown, by evidence that the hazard existed for a length of time sufficient for the defendant to discover the hazard and remove it. It is illogical to say that on the one hand one type of case requires the substance to be on the floor a sufficient length of time for the defendant reasonably to discover the substance and remove it, but on the other hand, that it is sufficient to merely show defendant's employee was in the immediate area even though he could not have had time to see the substance. The proprietor's liability in all these cases is based upon the proprietor's failure to inspect and make safe the premises where the dangerous condition has existed long enough for him to discover it (or for it to be unreasonable not to know of the hazard); or stated otherwise, upon the superior knowledge of the proprietor, actual or constructive. *Alterman Foods*, supra; *Lend Lease Transp. Co.*, supra. Proprietors are allowed a reasonable time to discover and remove dangerous conditions (*Winn-Dixie Stores*, supra), and unless there is a reason why the proprietor should have discovered it, he should not be charged with constructive knowledge. Ms. Mitchell's contention that mere presence of employees without more is sufficient to prove the superior knowledge that is the basis of liability, is not supported by the cases cited, i.e., *Lend Lease Transp. Co.*, supra; *Piggly Wiggly Southern v. Erfourth*, supra, and *Piggly Wiggly Southern v. Conley*, supra.

In this case, the evidence shows that defendant's employees were in an adjacent aisle separated from the area of the fall by a counter of food stuffs and not the immediate area of the radish on the floor. Nor was there any evidence of the slightest period of time the radish had been on the floor. There is nothing to show the defendant's employees had the opportunity to see the radish and remove it before the plaintiff fell. Under the evidence in the case, the radish could as easily have fallen to the floor mere seconds before the plaintiff fell. In fact, Ms. Mitchell was standing on the spot of the fall and observed nothing until she turned and then slipped on a single radish. There is an absence of evidence from which a jury could find constructive superior knowledge by which to hold the appellee liable for negligence.

*Judgment affirmed. Deen, P. J., McMurray, P. J., Sognier, Pope, and Beasley, JJ., concur. Banke, C. J., Carley and Benham, JJ., dissent.*

Carley, Judge, dissenting.

I respectfully dissent from the majority's holding that the trial court correctly withdrew from the jury the issues raised by the pleadings and evidence in this case. In my opinion, the majority fails to properly adjust the rule as to the sufficiency of the evidence in this type of slip and fall case as it applies to the determination of the existence or nonexistence of factual issues to be resolved by a jury. In its lengthy attempt to distinguish the cases relied upon by the appellant, the majority concludes that "[t]he rule actually is that a defendant's constructive knowledge of a foreign substance may be shown where the defendant had an *opportunity to discover the [defect].*' [Cit.]" (Majority opinion, page 708.) With this conclusion as to the rule for the *ultimate determination* of liability, I agree. However, what the majority fails to recognize is that, in this case, the plaintiff-appellant showed all that was necessary in order to *authorize* the jury to determine the ultimate question of liability. "The evidence of record showed that [employees] of the defendant [were] in the vicinity where the alleged dangerous condition existed. *It was, of course, for the jury to determine, whether [they were] in the immediate vicinity and whether [they] could have easily seen the [radish] on the floor or not.*" (Emphasis supplied.) *Piggly Wiggly Southern, Inc. v. Conley*, 139 Ga. App. 532 (229 SE2d 25) (1976).

I respectfully take issue with the majority's initial description of the site of the injury. On page 705 of the majority opinion it is stated that "it *seems obvious*" that the area of the slip and fall "*was separated from the line of sight of the store employees* by an aisle divider." (Emphasis supplied. Majority opinion, page 705.) There is absolutely no support for the majority's conclusion as a matter of law that the store employees' line of sight was blocked by the aisle divider. The only testimony describing the scene was the plaintiff's and she stated that the employees were on the other side of the aisle and the distance between said employees and the situs of the injury was approximately the same as that between plaintiff's attorney and the plaintiff on the witness stand. Any conclusion as to whether this evidence established that the store employees did or did not have an opportunity to discover the defect should have been drawn by the jury, and not by the court.

The facts of the instant case are almost identical to those involved in *Fletcher v. Family Center*, 169 Ga. App. 376 (312 SE2d 856) (1983) wherein this court reversed the grant of summary judgment in favor of the defendant. See also *Lend Lease Transp. Co. v. McBride*, 169 Ga. App. 902 (315 SE2d 449) (1984); *Caree v. Revco Discount Drug Centers*, 175 Ga. App. 487 (333 SE2d 387) (1985). It is my opinion that the trial court erred in directing a verdict in favor of appellee and that, therefore, the judgment of the trial court should be

reversed.

I am authorized to state that Chief Judge Banke and Judge Benham join in this dissent.

DECIDED SEPTEMBER 30, 1985 —
REHEARING DENIED NOVEMBER 5, 1985.

*Jack O. Morse*, for appellant.
*Franklin N. Biggins*, for appellee.