*J. H. Merrill, C. P. Hansell,* and *W. H. Hammond,* contra.

---

# GRANT *v.* ALLEN.

1. The owner of an office building provided with an elevator for carrying the tenants and their employees and patrons to and from the various floors is under a duty, in the operation of the elevator, to exercise extraordinary diligence on behalf of himself and his agents to protect the lives and persons of those entitled to use it.

(*a*) Under the facts alleged in the petition, it is a question for the jury to determine whether the injury complained of resulted from the defendant's failure to exercise the degree of diligence required by law.

2. A plaintiff who sues to recover damages for a personal injury may embrace in his petition two or more separate counts stating the manner in which he was injured, so as to meet any anticipated variations in the proof; but he is not required to state his case in separate counts, where the manner of his injury is described as a series of consecutive acts by the defendant, terminating in the injury, all of which are alleged to be negligent.

DECEMBER 11, 1913.

Action for damages. Before Judge Bell. Fulton superior court. October 24, 1912.

Lucy L. Allen brought suit against Mrs. W. D. Grant, to recover damages for personal injuries, alleging that the defendant was the owner of an office building in the City of Atlanta, several stories high, provided with an elevator for conveying her tenants, their employees and patrons, to and from the various floors. The plaintiff was employed in one of the offices located on the sixth floor, and was injured as she was leaving the office for her home. She described the way in which she was injured as follows: "Immediately after plaintiff entered said elevator, and while the same was stationary, and before the same had been moved or started by defendant's servant or employee who was operating the same, plaintiff desired to return to the office which she had just quitted. At the time, the elevator which plaintiff had entered, as aforesaid, was at a standstill, with the floor of the elevator practically on a level with the floor of the hallway at the 6th floor of said building, at which floor the elevator had stopped as aforesaid. The door of the cage or grill work encasing the elevator shaft was open, and had not been closed or moved after plaintiff entered the elevator. Plaintiff, in the exercise of ordinary care, started to walk out of the elevator, and had actually placed one foot on the floor of the hallway aforesaid, when defendant's said agent, servant or employee, the operator of said elevator, suddenly started the car downward. The sudden motion of the car threw plaintiff backward, and she fell upon her side, to and on the floor of the elevator. Her feet protruded over the edge of the floor of the elevator and into the open doorway of the elevator cage. Defendant's said servant, the operator of the elevator aforesaid, after plaintiff had fallen as aforesaid, let the car travel downward several feet, and then suddenly reversed the mechanism of the elevator, which caused the elevator to travel upward or towards the 6th floor again. The speed of the elevator, both going downward and upward, was very rapid, and the movement of the elevator downward and then upward occupied but a few seconds of time, and the upward movement of said car was so nearly instantaneous that plaintiff had no time to change her position after being thrown down as aforesaid. Plaintiff's feet protruding as aforesaid, as they were when plaintiff fell, were caught under and against the large steel beams which support the hallway floor of the 6th floor of defendant's said building, and both of her feet were crushed, mangled, and virtually ground to

pieces." The court overruled a demurrer to the petition, and the defendant excepted.

*Slaton & Phillips,* for plaintiff in error.

*Napier, Wright & Wood,* contra.

EVANS, P. J. (After stating the facts.) 1. The owner of an office building, equipped with an elevator which is operated for conveying his tenants and their employees and patrons to and from the various floors, is not a common carrier in the sense that he is bound to serve all the public; yet his duty as to protecting passengers in the elevator is the same as that chargeable to carriers of passengers by other means. 6 Cyc. 596; 1 Hutchinson on Carriers, § 100. This duty requires him to exercise extraordinary diligence on behalf of himself and his agents to protect the lives and persons of his passengers. Civil Code, § 2714. Does the petition allege a case of injury resulting from a failure to exercise extraordinary care by the elevator boy? The plaintiff entered the elevator when it was at rest. While it was still stationary, with the floor of the elevator practically on a level with that of the floor of the building, and the door of the elevator shaft open, she attempted to leave it to return to the office of her employer which she had just quitted. Just as she was in the door and had placed one foot in the hallway of the building the operator suddenly started the car downward. The downward movement of the elevator threw her to the floor, with her feet protruding over the edge of the elevator, when the operator quickly reversed the mechanism, causing the elevator to go rapidly upward, and to crush her feet against the beams of the floor. It is insisted by the demurrer that no negligence is charged against the defendant, because it is not alleged that the elevator boy had knowledge of the plaintiff's situation either in starting or reversing the movement of the elevator. Negligence is peculiarly a question of fact; and if the circumstances relied on to constitute negligence will afford an inference of failure to exercise proper care, the facts must be left to the jury to draw the inference of the exercise or want of exercise of that standard of diligence which the law exacts. On demurrer the allegations of the petition will be taken as true; and if they justify an inference of negligence, the petition will not be dismissed on the ground that the alleged injury was not the result of the defendant's negligence. From the nature of its operation, the stopping of an elevator at a point where

its floor and that of the building are practically on a level, with the door of the elevator shaft open, is an implied invitation to passengers to enter and leave the elevator carriage. Tousey v. Roberts, 114 N. Y. 312 (21 N. E. 399, 11 Am. St. R. 655). It is common knowledge that an elevator carriage is a small compartment. If this carriage is put in motion by the operator while a passenger is in the act of leaving, and his body is partly within and partly without the carriage, and in such position that the carriage can not be moved without probable injury to his person, we can not say as a matter of law that the operator may close his eyes to this situation, or is under no duty to see that his carriage has a proper clearance before starting it. Whether extraordinary diligence would require the operator to see that his passenger is out of harm's way before starting the carriage is for the jury to determine. That being the case, it would be negligence for him to start his carriage without ascertaining the passenger's peril, if the exercise of the proper care would have disclosed the danger.

2. The point is also made by demurrer that if the allegations of circumstances attending the downward movement of the elevator constitute a specific charge of negligence, and the circumstances of the reversal of the motion are likewise charged as a specific act of negligence, each independent act of negligence should be alleged in a separate count. A plaintiff who sues to recover damages for a personal injury may embrace in his petition two or more separate counts, setting forth different accounts of the manner in which he was injured, so as to meet any anticipated variations in the proof. But where a consistent account of the manner of incurring the injury is alleged, there is no need for other counts, notwithstanding various acts of negligence may be alleged. The plaintiff alleges that the elevator operator was negligent in starting the elevator, throwing her to the floor, and was also negligent in reversing the mechanism of the carriage without giving her time to extricate herself from her perilous position. The plaintiff alleged that the downward and upward speeds of the car were so rapid that both movements were not only continuous but practically instantaneous. These allegations refer to a continuous act, and the plaintiff is not required to segregate them into different counts.

*Judgment affirmed. All the Justices concur.*