19301, 19302. HARRIS *v.* REEVES *et al.,* executors.

DECIDED MARCH 6, 1929. REHEARING DENIED APRIL 9, 1929.

*John R. L. Smith, Joseph LeConte Smith, George A. Pindar,* for plaintiff in error.

*C. L. Shepard, Hall, Grice & Bloch,* contra.

BLOODWORTH, J. The facts in these two cases are practically the same and are substantially as follows: The executors of the estate of W. R. Brown sued W. H. Harris on a promissory note for the principal sum of $8,500 and interest thereon from April 2, 1918, at the rate of eight per cent. per annum, payable annually, and for ten per cent. of the principal and interest as attorney's fees. The defendant filed an answer, to which the plaintiff demurred, generally and specially. The defendant thereupon amended by striking out all the defensive part of his answer, and substituting other defensive parts, to which amendment the plaintiff demurred generally and specially. The questions arose on the sufficiency of the amendment as against the demurrers. The amendment to the answer admitted that the defendant executed the note declared on, and that the plaintiffs were the lawful holders of it, but averred that the defendant was not indebted to the plaintiffs in any amounts whatever on account of said note, by reason of the following facts, to wit: On March 1, 1904, the defendant borrowed from the plaintiff's testator $15,300, which by contract between them was payable as follows: $73.31 on that date, $200 on the first of each successive month thereafter until and including March 1, 1909, and $10,250 on March 1, 1909. On or about January 22, 1909, by mutual agreement, the method and terms of repayment were changed so as to be as follows: From and after March 1, 1909, $100 on the first day of each successive month up to and including March, 1914, and $12,500 on March 1, 1914. Pursuant to said agreements, defendant paid said testator $73.31 on March 1, 1904, $200 on the first day of each successive month

from April 1, 1904, to March 1, 1909, both inclusive, and $100 on the first day of each successive month from April 1, 1909, to December 1, 1912, both inclusive, aggregating $16,573.31. Meantime the interest on the balances after these payments respectively aggregated $7,317.71; so that on December 1, 1912, the defendant owed said testator $6,044.40, though said testator still held and claimed the right to collect the defendant's fifteen monthly notes of $100 each and the defendant's note for $12,500 on account of said loan. On December 11, 1912, said testator paid over to the defendant the sum of $5,000, defendant agreeing to repay the same at the end of five years from that date with interest at the rate of ten per cent. per annum, payable at the end of each successive year thereafter, and further interest at the rate of two and a half per cent. per annum, payable at the end of five years thereafter. Thereupon the defendant owed said testator $11,044.40. The interest on the balances aggregating the said $11,044.40, to April 22, 1913, at the rate of eight per cent. per annum, amounted to $334.94, so that on April 22, 1913, the defendant owed said testator, principal and interest, $11,379.34. On April 22, 1913, defendant paid over to said testator the further sum of $12,500, being $1,120.66 more than the defendant obtained from said testator plus interest thereon at the rate of eight per cent. per annum. Defendant paid also the remaining fifteen monthly notes of $100 each due to said testator on the first day of each month from January 1, 1913, to March 1, 1914, both inclusive, aggregating $1,500, and on the 10th day of each successive December for five years from December 10, 1913, to December 10, 1917, both inclusive, defendant paid said testator $500 as agreed between them on December 11, 1912, as aforesaid, aggregating the further sum of $2,500. So that by December 17, 1918, the defendant had so overpaid said testator to the amount of $5,120.66. *On the day last aforesaid said testator paid over to the defendant $4,000, being the amount represented by the three notes which are the basis of the suit of plaintiffs against defendant,* numbered 640 Peach superior court, to the same term of court. Thereupon there was still an overpayment to said testator aggregating $1,120.66. Nevertheless, on April 2, 1918, the promise of the defendant to pay said testator $5,000 plus interest thereon at the rate of two and one half per cent. per annum in addition to the interest thereon at the rate of ten per cent. per

annum, which the defendant had paid, as aforesaid, was renewed and extended by the giving and taking of the note herein sued upon. There was, therefore, no lawful consideration for the note sued upon. Thereafter, on February 8, 1922, the defendant paid said testator the further sum of $200, and has made to said testator and to the plaintiffs as his executors further payments, to wit: April 30, 1923, $100, January 1, 1924, $100, April 11, 1924, $500, December 17, 1926, $540. So that said testator and the plaintiffs as his executors, have taken from the defendant $2,560.66 over and above all sums and things of value received by the defendant from said testator or from the plaintiffs plus interest thereon at the rate of eight per cent. per annum. The payments by the defendant herein mentioned were made and accepted without any agreement or direction as to the application of the same, and there has never been any settlement between the defendant and said testator or the plaintiffs concerning the same. The defendant attached to his amended answer a detailed statement showing in tabulated form all amounts received by him from said testator and all amounts paid by him to said testator as hereinabove mentioned. The plaintiffs, now the defendants in error, demurred to this amended amendment on the grounds that it set up no defense to the note sued on; that it affirmatively showed that the alleged usurious payments by the defendant to the plaintiffs' intestate were paid and applied as a credit on amounts alleged to have been usurious, and the action for recovery thereof was not brought within twelve months from the date of the payments, and is therefore barred by the statute of limitations; that at the time of the execution of the note sued on, April 22, 1918, it affirmatively appeared that the defendant was cognizant of all the facts now set up in his plea, and he is estopped from now setting them up as a defense to the note sued on; that it affirmatively appeared from the amendment that in executing the note sued on on April 22, 1918, the defendant recognized that the amounts which he had heretofore paid were paid and received as usury, if there was any usury, under the contract, and his right to recover such payments and apply them on the note sued on is barred by the statute of limitations. The plaintiffs demurred also to this amendment and specially to the paragraph on page 3 of the plea, beginning with the word "nevertheless," for the reason that it is not shown therein why the note

was renewed and extended for $8,500. *The plaintiffs demurred also to the amendment because the amount sought to be set off arose out of separate and independent transactions.* These demurrers were sustained, and the amended answer stricken; and judgment was thereupon rendered in favor of the plaintiffs.

The issues in the cases will be understood when the headnotes to this decision are read in connection with the foregoing statement of facts. See *McIntosh* v. *Thomasville Real Estate &c. Co.*, 141 *Ga.* 106 (80 S. E. 629).

*Judgment affirmed.* *Broyles, C. J., and Luke, J., concur.*