61920. GOLD & WHITE, INC. et al. v. LONG.

BANKE, Judge.

Plaintiff was a customer in defendant's supermarket when she slipped and fell, breaking her arm. She brought this action for damages. Defendants appeal from the judgment and verdict in favor of plaintiff.

The plaintiff testified that as she was walking by the meat counter looking at the prices of meat, she turned to her right, stepped in a puddle of water on the floor, and fell. She testified that the puddle was about the size of a cup, "about three to four inches across." She testified further that "[a] lady customer saw me and she

came over to help me get up, and at that time, Mr. Bill Hammock, an employee of the store in the meat department came out and said that lady has fallen and helped me get up also." Defendant James Howell, owner-manager of the store testified that water was a "pretty well used item in the . . . store." Water is used to wet down produce, to wash down counters, shelves, and sometimes the floor. His testimony was that there were any number of ways that a spill could occur, and that spills were not unusual. He also testified that sometimes customers are responsible for spills and that vendors delivering milk or ice cream sometimes cause the floor to become wet. He stated that his employees had been instructed to look for and to clean up any spills they observed. *Held:*

An owner of land is liable to invitees for his failure to exercise ordinary care in the maintenance of his premises. Code Ann. § 105-401. However, "[s]ince there is no evidence that the defendant[s] had actual knowledge of [the water] . . . on the floor, it is necessary that the plaintiff establish that the defendant[s] had constructive . . . [knowledge] . . . of a dangerous condition." *Piggly-Wiggly Southern v. Tucker,* 139 Ga. App. 873 (1) (229 SE2d 804) (1976). Constructive knowledge on the part of the defendants may be shown where an employee of the store was in the immediate vicinity of the dangerous condition and "could have easily seen the substance and removed the hazard." *Winn-Dixie Stores v. Hardy,* 138 Ga. App. 342, 345 (226 SE2d 142) (1976). The existence of such knowledge is a matter for the jury when there is evidence from which it may be inferred. *Piggly-Wiggly Southern v. Tucker,* supra. We find no such evidence in this case. The plaintiff's testimony was that an employee came out after she fell and helped her up. Where he came from, we are not told. Presumably, he came from the meat department. However, we may not speculate on his proximity to the hazard or his ability to see it.

Liability may also be based on constructive knowledge by showing that the defendants failed to exercise reasonable care in inspecting and keeping the premises in a safe condition. Recovery based on this proposition requires the plaintiff to prove "a period of time the dangerous condition has been allowed to exist. Without such [proof] it would not be possible to determine whether the defendant had been afforded a reasonable time within which to inspect and remove the hazard." *Banks v. Colonial Stores, Inc.,* 117 Ga. App. 581, 585 (161 SE2d 366) (1968). "[T]he plaintiff must show that the . . . substance was on the floor for a length of time sufficient for knowledge of it to be imputed to the defendant." *Alterman Foods, Inc. v. Ligon,* 246 Ga. 620, 623 (272 SE2d 327) (1980). In the case before us there was neither allegation nor proof concerning the amount of time the water was allowed to remain on the floor.

*Judgment reversed. Deen, P. J., and Carley, J., concur.*

DECIDED JUNE 24, 1981 —
REHEARING DENIED JULY 13, 1981.

*Samuel A. Murray, James R. Fortune, Jr.,* for appellants.
*Harvey J. Kennedy, Jr., W. Franklin Freeman, Jr.,* for appellee.