## 65670. HUGHES v. HOSPITAL AUTHORITY OF FLOYD COUNTY, GEORGIA.

BANKE, Judge.

Shortly after 11:00 p.m., on February 1, 1978, as he entered an elevator at the Floyd Medical Center, appellant Hughes allegedly slipped on a wet substance on the floor of the elevator and fell. He brought suit against the appellee hospital authority, alleging negligent failure to maintain the premises in a safe condition. The trial court directed a verdict for appellee, and Hughes appeals.

The evidence revealed that the hospital contained two sets of elevators, and there was testimony that a passenger had spilled coffee in one of the other elevators at approximately 9:00 p.m. that same night. However, there was no evidence that any substance had been spilled in the elevator where Hughes' fall occurred. Hughes testified that he neither noticed any liquid substance on the elevator floor nor saw any hospital personnel in the vicinity of the elevator prior to his slip and fall. Regular shift changes of appellee's employees occurred at 7:00 a.m., 3:00 p.m., and 11:00 p.m. *Held:*

1. An owner or occupier of land is liable for damages to invitees caused by his failure to exercise ordinary care in keeping the premises and approaches safe. OCGA § 51-3-1 (Code Ann. § 105-401). In order to make out a prima facie case of negligence in a slip and fall case, the invitee must show (1) that the owner had actual or constructive knowledge of the foreign substance or defective condition and (2) that the invitee had no knowledge of the substance or condition or was prevented by the owner from discovering it. *Alterman Foods v. Ligon,* 246 Ga. 620 (272 SE2d 327) (1980).

There was no evidence that appellee had actual knowledge of the presence of any liquid on the floor of the elevator, and Hughes' case consequently depends upon a showing of constructive knowledge.

Constructive knowledge may be inferred where there is evidence that an employee of the owner was in the immediate vicinity of the dangerous condition and could easily have noticed and removed the hazard. *Winn-Dixie Stores v. Hardy,* 138 Ga. App. 342 (226 SE2d 142) (1976). Liability based on constructive knowledge may also be established by showing that the owner failed to exercise reasonable care in inspecting the premises, but recovery under that approach requires proof of the length of time the dangerous condition was allowed to exist. *Gold & White, Inc. v. Long,* 159 Ga. App. 259 (283 SE2d 45) (1981); *Alterman Foods v. Ligon,* supra.

In this case, Hughes presented no evidence that any employee of appellee was in the immediate vicinity of the elevator in which the slip and fall occurred. He further was unable to show that appellee had failed to exercise reasonable care in inspecting the premises because there was no evidence of how long the substance had been on the floor of the elevator in which he fell. The direction of a verdict is appropriate where there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, demands a particular verdict. OCGA § 9-11-50 (a) (Code Ann. § 81A-150). The evidence in this case construed most favorably towards Hughes fails to establish any negligence on the part of the appellee. Accordingly, the trial court did not err in directing a verdict in the appellee's favor.

2. We reject Hughes' contention that the standard of care owed an invitee injured in the use of an elevator is one of extraordinary diligence rather than ordinary care. As authority for this proposition, we are cited to *Bullard v. Rolader,* 152 Ga. 369 (110 SE 16) (1921); *Grant v. Allen,* 141 Ga. 106 (80 SE 279) (1913); and *Darlington Corp. v. Finch,* 113 Ga. App. 825 (149 SE2d 861) (1966). Those cases, however, involved mechanical failure or improper use of the elevator. There is no basis for application of that heightened duty where the elevator was merely the situs of a slip and fall.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 23, 1983.

*John M. Strain,* for appellant.
*C. Wade Monk II, Oscar M. Smith,* for appellee.