## 65387. DILLON v. GRAND UNION COMPANY.

SHULMAN, Chief Judge.

Appellant, a retail customer, broke a bone in his right hand when he slipped on a foreign substance and fell while walking alongside the meat counter in appellee's store. He now appeals from the entry of summary judgment in favor of appellee.

1. "In [slip and fall] cases involving foreign substances the customer does not ordinarily know if the substance which caused him to fall has been placed on the floor through negligence attributable to the owner or through that of someone other than the owner. While the owner or occupier of land is liable to invitees for his failure to exercise ordinary care in keeping the premises safe, [OCGA § 51-3-1 (Code Ann. § 105-401)], '[b]efore an owner can be held liable for the slippery conditions of his floors, produced by the presence of a foreign substance thereon, it is necessary that the proof should show that he was aware of the substance or would have known of its presence had he exercised reasonable care.' [Cits.] Thus it is said that only 'when the perilous instrumentality is known to the owner or occupant and not known to the person injured that a recovery is permitted.'[Cit.] Normally a proprietor is permitted a reasonable time to exercise care in inspecting the premises and maintaining them in a safe condition. [Cits.] However, the proprietor is under no duty to continuously patrol the premises in absence of facts showing that the premises are unusually dangerous. [Cits.] Knowledge on the part of the proprietor that there is a foreign substance on the floor that could cause patrons to slip and fall may be either actual or constructive. In some cases the proprietor may be held to have constructive knowledge if the plaintiff shows that an employee of the proprietor 'was in the immediate area of the dangerous condition and could have easily seen the substance and removed the hazard.' [Cits.]" *Alterman Foods v. Ligon,* 246 Ga. 620, 622 (272 SE2d 327).

In his deposition, appellee's meat market manager testified that, after being informed of appellant's fall, he examined the floor in

front of the meat market counter and found what he believed appellant had slipped on — a half-dollar-sized substance which consisted of moist meat and bone dust residue from the meat department's band saw. He stated that while the residue could have been tracked into the public area of the store on someone's shoes, he was not aware of how the substance had gotten on the floor. The meat market manager recalled that, prior to being notified of the slip and fall incident, he was unaware of the presence of any foreign substance on the floor contiguous to the meat counter. Finally, he stated that appellee's employees had been instructed to look for and clean up any foreign substances they observed. Appellant was also deposed and testified that no store personnel were in the area at the time of his fall.

It is obvious from the above-summarized testimony that appellee did not have actual knowledge of the presence of the moist meaty substance on the floor by the meat counter. Similarly, it was not shown that appellee had constructive knowledge since appellant failed to show that an employee of appellee "was in the immediate area . . . and could have easily seen the substance and removed the hazard." *Winn-Dixie Stores v. Hardy,* 138 Ga. App. 342, 345 (226 SE2d 142). Furthermore, while constructive knowledge may be based on a showing that the store failed to exercise reasonable care in inspecting and keeping the premises safe, appellant failed to plead or prove " 'a period of time the dangerous condition [had] been allowed to exist.' " *Gold & White v. Long,* 159 Ga. App. 259, 260 (283 SE2d 45). Appellee having shown it was without actual knowledge of the presence of the substance, and appellant having failed to prove that appellee had constructive knowledge of its presence, summary judgment for appellee under this theory of recovery was proper. Id.

2. Appellant, citing a line of cases in which the theory of res ipsa loquitur was applied, argues that actual knowledge of the presence of the foreign substance cannot be disclaimed by appellee since its employees created the dangerous situation. Appellant bases this assertion on the testimony of the meat market manager, who stated that the foreign substance could have been picked up accidentally and tracked into the public area of the store on the shoes of visiting sales people or store employees. Even if we were to agree that the doctrine might be applicable to the present case, the fact that a person for whom appellee is not legally responsible (i.e., a visiting salesperson) might have accidentally discarded the foreign substance onto the floor removes the element of "exclusive physical control" and, therefore, renders the doctrine inapplicable.

3. Appellant also alleges the existence of questions of material fact with regard to his claim that appellee negligently failed to provide a footmat in order to prevent foreign substances from being

tracked into the public area of the store from the private area.

On summary judgment, the burden is on the defendant/movant to pierce the allegations of the complaint and show, by evidence demanding such a finding, that the plaintiff would not be entitled to recover under any theory of the case. *Rogin v. Dimensions South Realty,* 153 Ga. App. 75, 76 (264 SE2d 555). There was evidence that the meaty substance upon which appellant slipped was adherent, that it could have been carried into the store from the meat-cutting area on someone's shoes, and that the store provided no mat upon which one could wipe his feet before leaving the meat cutting area. Because it appears that a question remains as to whether or not appellee was negligent in failing to provide footmats at the door leading from the private area of the store to the public area, summary judgment for appellee, insofar as this theory of recovery is concerned, was not proper, even though at trial appellant might not be able to recover. *Lindsey v. Crescent Park,* 139 Ga. App. 5 (228 SE2d 6).

*Judgment reversed. McMurray, P. J., concurs. Birdsong J., concurs in the judgment only.*

DECIDED JUNE 10, 1983—
REHEARING DENIED JULY 11, 1983—

*Peter F. Boyce, R. Michael Thompson,* for appellant.
*John P. Hines, C. Davis Bauman, H. Durance Lowendick,* for appellee.