### 67359. FLETCHER v. FAMILY CENTER, INC.

BANKE, Judge

This is an appeal from an order granting summary judgment to the defendant in a "slip and fall" case.

The plaintiff entered the defendant's grocery store at around 11:00 p.m., in the company of her daughter and grandson, for the purpose of buying some milk. As she reached the dairy department, she turned around to say something to her daughter and slipped in a puddle of water or other liquid which had apparently leaked onto the floor from the dairy case. The plaintiff admitted in her deposition that she was not looking at the floor in front of her and that, if she had been, she would have seen the substance. She further admitted that she was not distracted by anything in the store. Although she was unable to state how extensive an area the puddle covered, she testified that her clothes were "soaked" by it, and it may be inferred from this and other testimony that the puddle was rather large.

The plaintiff further testified that there was a store employee very close by when this occurred; and in an affidavit submitted in opposition to the defendant's motion for summary judgment, she averred that this employee was "within a few feet of where I fell." *Held:*

1. Constructive knowledge by the owner of the existence of a dangerous condition on the premises may be inferred from evidence that an employee of the owner was in the immediate vicinity of the condition and could easily have seen it and removed it. *Alterman Foods v. Ligon,* 246 Ga. 620, 622 (272 SE2d 327) (1980), citing *Winn-Dixie Stores v. Hardy,* 138 Ga. App. 342, 345 (226 SE2d 142)

(1976). Accordingly, a material issue of fact exists in this case as to whether the defendant may be charged with knowledge of the presence of the substance on which the plaintiff allegedly slipped. Compare *Hughes v. Hosp. Auth. of Floyd County,* 165 Ga. App. 530 (1) (301 SE2d 695) (1983).

2. We cannot conclude as a matter of law that the plaintiff is barred from recovery merely because she admitted she was not looking at the floor in front of her when she fell. "Looking continuously, without intermission, for defects in a floor is not required in all circumstances." *Chotas v. J. P. Allen & Co.,* 113 Ga. App. 731, 733 (149 SE2d 527) (1966). The trial court erred in granting the defendant's motion for summary judgment based on the evidence of record in this case.

*Judgment reversed. Deen, P. J., and Carley, J., concur.*

DECIDED DECEMBER 5, 1983 —
REHEARING DENIED DECEMBER 20, 1983.

*Danny L. Dupree,* for appellant.
*Ray L. Allison,* for appellee.