70001. CAREE et al. v. REVCO DISCOUNT DRUG CENTERS OF GEORGIA, INC.
(333 SE2d 387)

CARLEY, Judge.

Appellant Mr. Caree filed a complaint for damages resulting from injuries allegedly sustained when he slipped and fell in a store owned and operated by appellee. Appellant appeals from the trial court's grant of summary judgment in favor of appellee.

1. Appellant contends that the trial court erred in granting summary judgment to appellee because questions of fact exist as to whether appellee was negligent.

Appellant alleged that while walking down an aisle in appellee's store he slipped on a puddle of baby oil which he had not noticed prior to his fall. Georgia case law has established that "in order to state a cause of action in a case where the plaintiff alleges that due to an act of negligence by the defendant he slipped and fell on a foreign

substance on the defendant's floor, the plaintiff must show (1) that the defendant had actual or constructive knowledge of the foreign substance and (2) that the plaintiff was without knowledge of the substance or for some reason attributable to the defendant was prevented from discovering the foreign substance." *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980).

The evidence is uncontroverted that appellee did not have actual knowledge of the presence of the oil. However, appellant asserts that appellee had constructive knowledge of the presence of the spilled baby oil in the store aisle. "There are two different classes of cases which may be based on constructive knowledge. The first is that type where liability of the defendant is based on the fact that an employee of the defendant was in the immediate area of the dangerous condition and could have easily seen the substance and removed the hazard. [Cits.] . . . The second type of case is that based on the duty of the defendant to exercise reasonable care in inspecting and keeping the premises in safe condition. [Cits.]" *Winn-Dixie Stores v. Hardy*, 138 Ga. App. 342, 345 (226 SE2d 142) (1976).

In *Winn-Dixie Stores*, supra, a judgment in favor of the plaintiff was reversed because there was no evidence that any of the defendant's employees were in the immediate area of the dangerous condition, so that they could have easily seen and removed the hazard. Likewise, in *Dillon v. Grand Union Co.*, 167 Ga. App. 381, 382 (1) (306 SE2d 670) (1983), there was no showing that any employee of the defendant store was in the immediate area and could have easily seen and removed the dangerous condition. Unlike those two cases, however, the evidence in the instant case does *not* establish that appellee's employees or agents had no opportunity to observe and correct the hazardous condition on the premises.

The record shows that one of appellee's clerks had been in the location where appellant fell just four to five minutes before his fall, and that no baby oil had been on the floor at that time. There is also some evidence that other employees were in the general vicinity of the spilled baby oil at the time appellant fell, although there is no evidence that they had an opportunity to observe the baby oil puddle in the interval prior to appellant's fall. However, other evidence indicates that a security guard who was patrolling the store walked directly past the precise location of appellant's fall immediately prior to the occurrence. An annotated diagram submitted by appellee in response to interrogatories shows that, just before appellant fell, the guard proceeded down the baby products aisle. As the guard turned the corner at the end of that particular aisle, he heard the noise associated with the fall. He immediately turned around, saw that appellant had fallen, and went to render assistance. This evidence of the security guard's presence in the immediate area of the dangerous con-

dition raises a genuine issue of material fact as to whether appellee, through its employees or agents, could have observed the baby oil and corrected the hazardous condition.

The factual situation of the case at bar is substantially similar to that of *Fletcher v. Family Center*, 169 Ga. App. 376 (312 SE2d 856) (1983), wherein "there was a store employee very close by when [the slip and fall] occurred." In *Fletcher*, supra at 376-377, this court stated: "Constructive knowledge by the owner of the existence of a dangerous condition on the premises may be inferred from evidence that an employee [, or, as here, a security guard employed by a contractor] of the owner was in the immediate vicinity of the condition and could easily have seen it and removed it. [Cits.] Accordingly, a material issue of fact exists in this case as to whether [appellee] may be charged with knowledge of the presence of the substance on which [appellant] allegedly slipped. [Cit.]" Since this genuine issue of material fact remains for resolution, the trial court erred in granting summary judgment in favor of appellee.

2. Appellant's remaining enumeration of error need not be considered in light of our holding in Division 1 herein.

*Judgment reversed. Banke, C. J., Deen, P. J., McMurray, P. J., Pope and Benham, JJ., concur. Beasley, J., concurs specially. Birdsong, P. J., and Sognier, J., dissent.*

BEASLEY, Judge, concurring specially.

I agree. See also the dissent in *Browning v. Sears, Roebuck & Co.*, 173 Ga. App. 898 (328 SE2d 580) (1985).

SOGNIER, Judge.

I respectfully dissent.

A plaintiff may establish that a proprietor had constructive knowledge of a dangerous condition under two sets of circumstances: (1) where an employee of the proprietor was in the immediate area of the dangerous condition and could have easily seen and removed the hazard, and (2) where the proprietor has breached his duty to exercise reasonable care in inspecting and keeping the premises in safe condition. *Winn-Dixie Stores v. Hardy*, 138 Ga. App. 342, 345 (226 SE2d 142) (1976). I find no evidence in this case of either set of circumstances.

The record shows that appellee's clerk had been in the location where appellant fell just four to five minutes before his fall and that no baby oil was on the floor at that time. Although there was some evidence that other employees were in the general vicinity of the spilled baby oil at the time appellant fell, as noted by the majority, there is no evidence that they had an opportunity to observe the baby oil puddle in the four to five-minute interval prior to appellant's fall.

The majority finds a genuine issue of material fact as to whether appellee had constructive knowledge of the spilled baby oil because a security guard was in "the precise location of appellant's fall immediately prior to the occurrence." However, an examination of the record shows no evidence of when the security guard was at that location, only that he was there "at some time," either before or after appellant's fall. I find this evidence insufficient to create a question of fact on the issue of appellee's knowledge of the spilled baby oil and I find no question of fact elsewhere in the record from which a jury could infer any failure on appellee's part to exercise reasonable care to keep its store in safe condition. See *Gold & White v. Long*, 159 Ga. App. 259, 260 (283 SE2d 45) (1981); *Dillon v. Grand Union Co.*, 167 Ga. App. 381, 382 (1) (306 SE2d 670) (1983); *Fincher v. Fox*, 107 Ga. App. 695-700 (2) (131 SE2d 651) (1963); *Jones v. West End Theatre Co.*, 94 Ga. App. 299, 303 (2) (94 SE2d 135) (1956). Therefore, I would affirm.

I am authorized to state that Presiding Judge Birdsong joins in this dissent.

DECIDED JUNE 25, 1985 —
REHEARING DENIED JULY 15, 1985 — 

*David Anderson Swift*, for appellants.
*Edward M. Newsom*, for appellee.