A94A0725. GAFFNEY et al. v. EQK REALTY INVESTORS et al.
(445 SE2d 771)

BEASLEY, Presiding Judge.

Patsy Gaffney and her husband Thomas filed a complaint against EQK Realty Investors, Investment Trust; Equitable Real Estate Investment Management, Inc. (d/b/a Compass Management & Leasing); and Schindler Elevator Corporation.

EQK is the owner of an office building. Compass is the managing agent. Schindler is the company retained by Compass to perform service and maintenance on the elevators in the building. Patsy Gaffney is employed by Equifax, Inc., a tenant in the building.

Before the building was opened one morning, a Compass maintenance engineer noticed that the doors on one of the elevators were standing open. He entered the elevator and attempted to engage it, but the doors would not close and the elevator would not move. He disengaged the elevator and reported the malfunction to the building security officer, who summoned Schindler service technicians. Later that morning, the engineer returned to the elevator and was assured by one of the technicians that the problem would be corrected. The technicians made repairs by replacing a defective armature and transferring a movable contact onto the new armature. Afterward, the technician reported to Compass personnel that the elevator had been repaired and placed back in service.

Several hours later, Patsy Gaffney entered the elevator on the third floor in order to go to the ground floor. The doors shut and the elevator plummeted and came to an abrupt stop below the first floor. She sustained injuries alleged to be totally and permanently disabling.

An engineer who inspected the elevator thereafter concluded that the elevator malfunctioned after it was placed back in service because the movable contact had not been properly seated. In his opinion, the drop was the result of simple human error.

EQK and Compass moved for summary judgment, pointing to Schindler as solely responsible for any negligence. Plaintiffs appeal the trial court's grant of that motion.

The question presented is whether the owner of a leased office building has a non-delegable duty to maintain the building's elevators in safe operating condition, so that where, as here, the owner (through its agent) discovers an elevator malfunction and dispatches an independent contractor to repair it, the owner is vicariously liable for the contractor's negligence in making the repairs. "[T]he cases of 'nondel-

egable' duty . . . hold the employer liable for the negligence of the [independent] contractor, although he has himself done everything that could reasonably be required of him. They are thus cases of vicarious liability." Prosser and Keeton, The Law of Torts, p. 511, § 71 (5th ed. 1984).

In *Towles v. Cox*, 181 Ga. App. 194, 196 (1) (351 SE2d 718) (1986), we recognized the principle that " '[a] business invitor owes a nondelegable duty to protect (his) invitees from injury. . . .' [Cit.]" However, our holding in Division 1 of that case was that defendants, the owners and manager of a shopping center, were liable to plaintiff, an employee/manager of a business at the shopping center, for negligence in failing to inspect the site of dangerous construction activity undertaken by an independent contractor and to require the contractor to take preventive measures to protect invitees from encroaching dangers. This mooted the issue of whether defendants were vicariously liable for the contractor's negligent act. 181 Ga. App. at 199 (4).

Likewise in *Parking Co. of America v. Sucan*, 195 Ga. App. 616, 617 (1) (394 SE2d 411) (1990), we recognized the principle, stated in *Towles*, that a business invitor owes a non-delegable duty to protect its invitees from injury. Again, however, our holding was that the owner of a parking lot breached its duty to a patron by failing to advise him of a dangerous condition, created by a third party, of which the owner had constructive notice.

In this case, unlike *Towles, Sucan*, and *Ellis v. Sears Roebuck & Co.*, 193 Ga. App. 797, 798 (2) (388 SE2d 920) (1989), the property was inspected, the dangerous condition discovered, precautionary measures taken, and an independent contractor summoned to the scene to make repairs. There is evidence that the repairs were made negligently.

Generally under Georgia law, the owner of a leased office building delegating the duty of repair to an independent contractor would not be vicariously liable for the contractor's negligence. OCGA § 44-7-2 (b) provides that "[i]n any . . . lease . . . for the use or rental of real property *as a dwelling place,* a landlord or a tenant may not waive, assign, transfer, or otherwise avoid any of the rights, duties, or remedies contained in . . . (1) Code Section 44-7-13, relating to the duties of a landlord as to repairs and improvements; (2) Code Section 44-7-14, relating to the liability of a landlord for failure to repair. . . ." (Emphasis supplied.) "Conversely, it follows that a landlord *may* contract to avoid these statutory requirements when renting property which is not to be used as a dwelling-place." (Emphasis in original.) *Colonial Self Storage of the South East v. Concord Properties*, 147 Ga. App. 493, 495 (1) (249 SE2d 310) (1978). If a landlord may contract to avoid these statutory requirements, a landlord may delegate the duty of repair to an independent contractor without being vicari-

ously liable for the contractor's negligence.

Nevertheless, a landlord is vicariously liable for a contractor's negligence where the duty is to maintain an elevator in safe operating condition. "The owner of an office building, equipped with an elevator which is operated for conveying his tenants and their employees and patrons to and from the various floors, is not a common carrier in the sense that he is bound to serve all the public; yet his duty as to protecting passengers in the elevator is the same as that chargeable to carriers of passengers by other means. [Cits.] This duty requires him to exercise extraordinary diligence on behalf of himself and his agents to protect the lives and persons of his passengers. [OCGA § 46-9-132.]" *Grant v. Allen*, 141 Ga. 106, 108 (1) (80 SE 279) (1913); see generally OCGA § 8-2-101 (b). "The liability of a carrier of passengers is not that of an insurer, but such carrier is bound by law to extraordinary diligence to protect the lives and persons of his passengers. This duty can not be waived or released even by an express contract. Being one in which the public has an interest, public policy forbids such a waiver or release." *Central of Ga. R. Co. v. Lippman*, 110 Ga. 665, 680 (2) (36 SE 202) (1900). For the same reason that the duty cannot be avoided by contract with the passengers, this duty of extraordinary diligence cannot be delegated to a third party. The owner's duty remains in place regardless of whether a third party acquires a duty by undertaking maintenance or repair. The owner is liable for slight negligence. OCGA § 51-1-3.

Consequently, in accordance with the abundant foreign authority and treatises cited by plaintiffs, we hold that the owner of an office building owes a duty of extraordinary diligence to elevator passengers and cannot delegate this duty to an independent contractor engaged to repair the elevator. See, e.g., *Jones v. Otis Elevator Co.*, 861 F2d 655, 665 (19) (11th Cir. 1988) (citing *White v. Milner Hotels*, 518 P2d 631 (2) (Or. 1974)); *Hafferman v. Westinghouse Elec. Corp.*, 653 FSupp. 423, 430 (10) (D.D.C. 1986); Restatement of Torts 2d, p. 412, § 425 (1965); 26 AmJur2d 488, Elevators and Escalators, § 11 (1966); compare *Chapman v. Turnbull Elevator*, 116 Ga. App. 661 (158 SE2d 438) (1967) (involving allegations that the owner and elevator repair company were each negligent).

We do not here address the duty of defendant Schindler towards plaintiffs. Even if its duty to plaintiffs is one of ordinary care, a breach thereof would subject the vicariously liable owner to liability for breach of its higher duty to exercise extraordinary diligence. Nor do we address any question of indemnity.

As to Compass, the managing agent, its liability is determined by the same rule as would obtain if the suit had been solely against the owner of the premises and there had been no agency involved. *Ramey v. Pritchett*, 90 Ga. App. 745, 752 (3) (84 SE2d 305) (1954). Compass

does not argue otherwise.

*Judgment reversed. Andrews and Johnson, JJ., concur.*

DECIDED JUNE 10, 1994 —
RECONSIDERATION DENIED JUNE 24, 1994 —

*Wendell K. Willard,* for appellants.

*Goldner, Sommers, Scrudder & Bass, Alfred A. Quillian, Jr., Tammy S. Skinner, Schreeder, Wheeler & Flint, Alex J. Simmons, Jr.,* for appellees.