## A98A1914. LEE v. GREAT ATLANTIC & PACIFIC TEA COMPANY, INC.
### (513 SE2d 737)

McMURRAY, Presiding Judge.

Plaintiff Sheridan A. Lee brought this tort action against defendant The Great Atlantic & Pacific Tea Company, Inc. ("A & P"), seeking to recover for personal injuries allegedly sustained when plaintiff slipped and fell in water accumulated on the floor of defendant's premises. After discovery, defendant moved for summary judgment, arguing that plaintiff's allegedly contradictory testimony should be construed against him, such that there is no evidence of defendant's constructive knowledge. Viewed in the light most favorable to plaintiff as the non-movant, the evidence would authorize the following facts:

The incident report prepared by defendant's store manager, Perry L. Livingston, notes: "water leaking from ceiling (air conditioner condensation). . . ." When Livingston was summoned to the place where plaintiff reported falling,

> the courtesy clerk had already mopped up the water, [so] when [Livingston] got there, it was totally dry. [Livingston] did notice that there was water leaking from the ceiling, or there was some drippings up there. [Plaintiff] said it was a 15-foot puddle of water, and [Livingston] also made a note that [plaintiff] was not visibly wet. [W]hen [Livingston] talked to [plaintiff], he said his ankle was hurt and he could hardly put any weight on it. [The courtesy clerk] John [Lively] said that . . . it was [really just] a two- to three-foot area there with sprinkles of water on it.

Livingston confirmed that a couple of ceiling tiles were "moist-looking or wet-looking." But apart from the incident report he prepared, Livingston has "no independent recollection whatsoever . . ."

of this particular incident. He did, however, recall "an incident or two," involving "a water condition in this area before [plaintiff's] accident." He could neither confirm nor deny telling plaintiff that there had been previous problems with water overflow from air conditioners. Livingston also identified "at least four work orders . . . that concern service performed to the office air conditioner and concerning water leaking into the store."

In opposition to defendant's motion, plaintiff submitted his affidavit, wherein he deposed that he was in this A & P store approximately ten minutes before he fell. During that time, plaintiff

> saw no A & P employee who appeared to be inspecting the ceiling or the floor. . . . The combination of poor illumination, the highly polished gray-speckled floor, the clearness of the water and the shadow of the tall display rack made the water appear invisible prior to [his] fall. [Although plaintiff] saw no A & P employee in the immediate vicinity prior to [his] fall[, yet once he] fell, [and], as [he] lay in the puddle of water, [plaintiff] saw [an employee] Emma Jean Mitchell at an elevated customer service desk, approximately fifteen feet from [him also, as] he lay in the puddle of water, [plaintiff] could see the water on the floor beneath [him].

Despite Livingston's observation that plaintiff did not appear visibly wet, plaintiff testified he had "water on [his] left hand, the side and bottom of [his] white athletic shoes, [his] long-sleeved shirt and pants."

The trial court granted defendant's motion for summary judgment, concluding that no genuine issue of material fact existed as to plaintiff's claims, and plaintiff appeals. *Held*:

1. This is not a proper case to apply the rule of *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680). "Where the favorable portion of a party's self-contradictory testimony is the only evidence of his right to recover or of his defense, the opposing party is entitled to a directed verdict. *Douglas v. Sumner*, [213 Ga. 82, 85 (3) (97 SE2d 122)]." *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 28 (1), supra. But here, defendant's manager, Livingston, confirmed that leaking condensation was the immediate cause of accumulated water covering a two- to three-foot area. Regardless of whether plaintiff's own testimony in the case sub judice is accurately characterized as vague, equivocal, or self-contradictory on certain points such as whether he saw the water or a store employee before or after his fall, and pretermitting whether he offered a reasonable explanation for any contradictions such that the testimony will not be construed against the party-witness, it is clear that those cloudy

evidentiary points are not the only evidence which would authorize a recovery in favor of the plaintiff.

2. Plaintiff contends summary judgment is unwarranted, arguing genuine issues of material fact remain for jury resolution. We agree there is objective evidence of defendant's constructive knowledge. Since the rule of *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, supra, is neither applicable nor dispositive, we reverse the grant of summary judgment.

> An owner of land is liable to invitees for his failure to exercise ordinary care in the maintenance of his premises. Code Ann. § 105-401 [now OCGA § 51-3-1]. However, [where] there is no evidence that the [defendant or its agents] had actual knowledge of the water on the floor, it is necessary that the plaintiff establish that the [defendant] had constructive knowledge of a dangerous condition. . . . Liability may . . . be based on constructive knowledge by showing that the [defendant] failed to exercise reasonable care in inspecting and keeping the premises in a safe condition. Recovery based on this proposition requires the plaintiff to prove a period of time the dangerous condition has been allowed to exist. Without such proof it would not be possible to determine whether the defendant had been afforded a reasonable time within which to inspect and remove the hazard. The plaintiff must show that the substance was on the floor for a length of time sufficient for knowledge of it to be imputed to the defendant.

(Citations and punctuation omitted.) *Gold & White, Inc. v. Long*, 159 Ga. App. 259, 260 (283 SE2d 45).

In the case sub judice, condensation leaked from the ceiling for a long enough period of time to cause a couple of ceiling tiles to become wet-looking while water dripped over a two- to three-foot area. This evidence authorizes the trier of fact to conclude the leak occurred over an extended period, sufficient to put defendant on notice that the previously known condensation hazard was recurring. *Gold & White, Inc. v. Long*, 159 Ga. App. 259, 260, supra.

> Where the evidence raises the inference that the foreign substance was discoverable pursuant to a reasonable inspection, a jury issue arises as to whether the defendant had constructive knowledge of what reasonable inspection would have revealed and [neither summary judgment nor] a directed verdict is . . . appropriate.

(Punctuation omitted.) *Kroger Co. v. Brooks*, 231 Ga. App. 650, 654

(1) (b), 655 (500 SE2d 391). In the case sub judice, the trial court erred in granting summary judgment on this evidentiary posture.

*Judgment reversed. Blackburn and Eldridge, JJ., concur.*

DECIDED JANUARY 27, 1999 —
RECONSIDERATION DENIED MARCH 25, 1999.

*Bodker, Ramsey & Andrews, Stephen C. Andrews, Thomas Rosseland, David A. Webster*, for appellant.

*Hall, Booth, Smith & Slover, Alexander H. Booth, Jonathan Marigliano, Karl M. Braun*, for appellee.